JOHN CHANY (H. C. BAXTER AND BROTHER SUBSTI-
TUTED PLAINTIFFS) vs. WILLIAM HOTCHKISS ET AL.

·First Judicial District, Hartford, May Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

The rule that a trial court may, in its discretion, exclude evidence of
    declarations of a witness which are contradictory to his testimony,
    unless his attention has first been called to them on cross-exam-
    ination, was framed chiefly for the protection of witnesses from
    sudden surprise and embarrassment in unforeseen situations; and
    it is doubtful, to say the least, whether the trial court can prop-
    erly give the benefit of this rule to a party to the cause who has
    made contradictory statements in successive depositions.
The agent of an undisclosed principal may maintain an action in his
    own name on a contract made by him, and is not bound to reveal
    the agency. Accordingly, evidence of his failure to disclose it in
    his first deposition has no tendency to contradict or discredit him
    when afterward called upon to depose to the agency by his prin-
    . cipal, who meanwhile had been substituted as party plaintiff.
A wrong reason for a right ruling is immaterial.
It is within the discretion of a trial court to exclude evidence of its
    own motion, without waiting for a formal objection.
Where the purchase price for goods sold has been paid and retained,
    the measure of damages for a failure to deliver the goods as
    promised is their market value at the agreed time and place of
    delivery. If, however, there is a general market value throughout
    the territory in question and no exceptional conditions respecting
    price exist at the place fixed for delivery, a charge to the jury
    which assumes that the general market value affords the true
    measure of damages is sufficient.
A palpable, inadvertent mistake in a charge, such as the use of the
    word "defense" or "defendant" for "plaintiff," which is clearly
    exposed by the immediate context, cannot be supposed to have
    misled the jury.
A new trial ought not to be asked for in a case which involves noth-
    ing more than a trifling sum of money.

Argued May 3d—decided June 4th, 1906.

ACTION to recover damages ·for the nondelivery of two
bushels of seed corn purchased by the plaintiff, brought to
the City Court of Waterbury and thence by the plaintiff's

Chany v. Hotchkiss.

appeal to the District Court of Waterbury and tried to the jury before *Peck, Acting-Judge;* verdict and judgment for the plaintiff for $23 damages, and appeal by the defendants. *No error.*

The suit was brought in the name of John Chany, who had a judgment in the City Court for $7.89 damages, from which he appealed to the District Court, where three persons doing business as H. C. Baxter & Brother were substituted as plaintiffs, upon their motion that they were the actual parties in interest and that Chany had acted as their agent. The complaint was then amended, but remains in substance the same as when the action was brought. It alleges a sale by the defendants to the agent of the plaintiffs on February 12th, 1903, of two bushels of seed corn, payment at that time of the agreed price ($7.50) therefor by the agent, and an agreement by the defendants to deliver the goods at the railroad station in Waterbury " within a few days ·after said sale " ; a failure to deliver as agreed, when the market value of such corn had risen to $12 a bushel.

In the City Court the defendants pleaded the general issue and a special defense, withdrawing the latter after the appeal to the District Court, where the parties went to trial upon a general denial. The plaintiffs had a verdict for $23 damages, upon which the court rendered judgment. After a finding of facts had been made upon the defendants' request, all the evidence and the court's rulings were certified to this court upon the defendants' motion, pursuant to § 797 of the General Statutes.

The reasons of appeal assign error in the exclusion of evidence offered by the defendants, in the charge to the jury, and in the court's refusal to find certain facts as requested by the defendants.

*Lucien F. Burpee* and *James A. Peasley*, for the appellants (defendants).

*Lawrence L. Lewis*, for the appellees (substituted plaintiffs).

CASE, J. Chany was not present upon the trial of the cause in the District Court, where his deposition, taken at the instance of the present plaintiffs, was received in evidence upon their offer. It included statements the substance of which was that in the transactions involved he acted as the agent of these plaintiffs. The defendants, with due notice, had failed to appear and were not represented by counsel when he so deposed. To contradict this testimony they offered his earlier deposition, which had been taken and used on his behalf in the City Court in the same action and while he was the plaintiff of record. It was excluded, upon the ground that failure to bring the claimed inconsistencies to the attention of the witness by cross-examination precluded the use, in his absence, of his former testimony, for the purpose of contradicting that which had been read to the jury.

If the correctness of this ruling depended upon the reason given for it, and we were bound to assume contradictions upon some material matter in the testimony of the witness as given at successive stages of the case, we might hesitate to sustain it as within either the spirit or letter of *Hedge* v. *Clapp*, 22 Conn. 262, 267, upon which the trial court relied. Chany's relation to the case and the circumstances under which his statements were made, render it doubtful whether, even under the discretionary power of the court, he was entitled to the benefit of a familiar rule framed chiefly for the protection of witnesses against sudden surprise in situations that cannot reasonably be foreseen and guarded against.

The evidence was properly excluded, however, and it is immaterial that the court may have put its ruling on the wrong ground. The questions and answers in the first deposition which are specifically relied upon by the defendants, show, as the only basis for the claimed contradiction, Chany's failure to state that he was acting as the agent of the present plaintiffs rather than in his own interest. He was justified in this. He said nothing that his position did not warrant him in saying; he withheld nothing that he

was bound to disclose. As he started out to do, he might have successfully maintained the action in his own name as the agent of an undisclosed principal. *Sullivan* v. *Shailor*, 70 Conn. 733, 40 Atl. 1054. The testimony offered had no tendency to contradict or discredit the witness, and to have admitted it for such a purpose would have given the jury an entirely misleading notion as to its possible legal effect. Nor is there force in the claim that the court acted of its own motion and in the absence of formal objection to the offered testimony. If this is the fact, it is without significance, and if the court so acted, this was well within the limits of its discretion.

It was undisputed upon the trial that the defendants still retained the money which they received from Chany, and that this measured the market value of the corn at the time they received it. The parties were at issue as to the terms of the underlying agreement. The court charged the jury, in substance, that where the purchase price has been paid for personal property on a contract of sale, and not refunded, the measure of damages upon a failure to deliver the goods as agreed is the market value of the goods at the agreed time of delivery. Error is assigned because the court did not in terms limit the application of the rule to the market value at the agreed place of delivery.

Ordinarily, of course, an accurate statement of the rule must embrace this element of it. *Marshall* v. *Clark*, 78 Conn. 9, 11, 60 Atl. 741; *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 480, 35 Atl. 521. But there are cases where the omission can work no harm, as where the conditions disclose a general market value fixing the prices at the several local markets within the radius of its operation. All the testimony on this branch of the case came from witnesses professing knowledge of the general market value of seed corn of the kind in question in the territory involved. While the defendants had ample opportunity to meet this testimony, it was not claimed that exceptional conditions existed at Waterbury, nor was it anywhere objected that other than the general market value so testified to controlled

and regulated the prices at that place. Under these circumstances the court properly assumed that the general market value afforded the true measure, and adequately charged the jury in this respect.

It is also assigned as error that the court, by an inadvertent substitution of the word "defense" for "plaintiffs," told the jury at the opening of the charge that "the testimony offered by the defense tended to substantiate" one of the plaintiffs' material claims. This was not an isolated statement, and should not be construed as one. The mistake was palpable, and was clearly exposed by the context, by what immediately followed, and by recurring references later on to the respective claims of the parties. We cannot suppose the jury to have been misled by it without setting unwarranted limits to their intelligence. *State* v. *Rathbun*, 74 Conn. 524, 526, 533, 51 Atl. 540.

No other claim of error merits discussion. The liability of the defendants to at least the amount assessed against them in the City Court is established by the record. The contest, therefore, is solely over the difference between that sum and the amount of the judgment from which this appeal is taken—a little more than $15. In a somewhat similar situation a new trial was refused in the case of *Buddington* v. *Knowles*, 30 Conn. 26, and it was said: "We take this opportunity to say that a new trial in such cases should not be asked for, unless the case be one which involves something more than a trifling sum of money." While this suggestion has not ripened into an unyielding rule of practice, it is a salutary one which still meets with the full approval of this court.

There is no error.

In this opinion the other judges concurred.