## MARY RYBINSKI *v.* SUPERMARKETS GENERAL CORPORATION
### (2453)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued June 14—decision released September 4, 1984

*Kevin T. Nixon,* for the appellant (plaintiff).

*Thomas L. Brayton,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals[1] from a judgment rendered for the defendant on a general jury verdict, after the trial court denied the plaintiff's motion to set aside the verdict. The issues are (1) whether a deposition may be used to cross-examine a party without offering the deposition in evidence and (2) whether the plaintiff's counsel could properly comment during final argument on the failure of the defendant to produce "appropriate witnesses."[2]

The plaintiff alleged in her complaint that she was injured when she exited, after shopping in the defendant's store, through an open, manually operated door

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The plaintiff claims that the trial court erred in eight specified ways. Only two of these claimed errors merit any discussion. Errors claimed regarding the introduction of evidence relating to damages need not be discussed since the jury returned a general verdict in favor of the defendant. *McKiernan* v. *Caldor, Inc.,* 183 Conn. 164, 166, 438 A.2d 865 (1981).

which was adjacent to an automatic sliding door. She claims to have been struck on the shoulder and arm by the automatic door. On direct examination, she testified that the assistant manager of the defendant's store had stated on the day of the accident that the manually operated door was left open whenever stock was brought into the store. On cross-examination, the plaintiff's deposition was marked as an exhibit for identification but was never offered or introduced into evidence as a full exhibit by the defendant. The defendant's counsel called the plaintiff's attention to certain specific pages of her deposition relating to the lack of reference by her to the manager's statement about the door. The defendant's counsel then read several questions and answers from the plaintiff's deposition which made no mention of any such statement.[3]

A deposition is " 'the written testimony of a witness given in the course of a judicial proceeding' " and may be used at trial "to test the credibility of the deponent as he testifies." *Bruneau* v. *Quick,* 187 Conn. 617, 625–26, 447 A.2d 742 (1982). It may also be used in order to refresh the recollection of a witness. *Schenck* v. *Pelkey,* 176 Conn. 245, 250, 405 A.2d 665 (1978). It is for the trial court, in the exercise of its discretion, to determine whether there was such a need. Id. A

---

[3] The plaintiff's counsel objected to the questioning by the defendant of the plaintiff regarding the questions and answers given by the plaintiff at the taking of her deposition on the ground that no foundation had been laid for such an inquiry. The defendant's counsel claimed that the inquiry was permissible on the ground that he was refreshing the plaintiff's recollection. The trial court, thereafter, overruled the objection and the plaintiff excepted. The record does not indicate that the plaintiff's recollection of the event had been exhausted prior to the inquiry. Whether the trial court, however, improperly admitted the evidence on the proffered ground is of no consequence if the ruling on the evidence is correct. *Saporiti* v. *Austin A. Chambers Co.,* 134 Conn. 476, 478–79, 58 A.2d 387 (1948); *Witek* v. *Southbury,* 132 Conn. 104, 110, 42 A.2d 843 (1945); *Chany* v. *Hotchkiss,* 79 Conn. 104, 106, 63 A. 947 (1906); *Zitomer* v. *Palmer,* 38 Conn. Sup. 341, 347, 446 A.2d 1084 (1982); Maltbie, Conn. App. Proc. § 36. In this case, the use of the deposition on cross-examination tested the credibility of the deponent.

deposition is testimony which remains in the custody of the clerk of the court and is not an exhibit unless offered into evidence. *Gordon* v. *Indusco Management Corporation,* 164 Conn. 262, 271, 320 A.2d 811 (1973). Under the facts of the present case, the trial court did not err in allowing several questions and answers from the plaintiff's deposition which was not an exhibit to be read to her during the course of cross-examination.

The plaintiff did not request a charge concerning the drawing of an adverse inference because of the failure of the defendant to call certain witnesses. The plaintiff had not, prior to her attempt during closing argument to comment on the failure of the defendant to produce "appropriate witnesses," claimed the benefit of the rule enunciated in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960). Without any showing that she had any entitlement to an adverse inference because of the failure of the defendant to call any particular witness, it was not error to sustain the defendant's objection to the statement made during the plaintiff's closing argument. See *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 341, 422 A.2d 260 (1979); *Grabowski* v. *Fruehauf Trailer Corporation,* 2 Conn. App. 167, 173, 477 A.2d 685 (1984).

There is no error.