ALBION B. WILSON, TRUSTEE, vs. HENRY O. GRISWOLD.

First Judicial District, Hartford, May Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The defendant leased his farm and the live stock, fodder and tools thereon, with a provision that at the end of the term the lessee should deliver to the lessor property of like kind, and equal in value, to that on the farm at the date of the lease. *Held* that while this gave the lessee a power of sale or exchange, it did not divest the lessor of all his title and interest in the live stock, fodder and tools; and that any like property acquired by the lessee by exchange or purchase, and placed upon the farm, would take the status of that which it replaced, subject to the lessee's right, at the end of the term, to claim and retain, as owner, so much thereof as might not be required to make good the original equipment.

The lessee absconded during the term, having incurred a forfeiture by the nonpayment of rent. The lessor thereupon re-entered and

Wilson v. Griswold.

attached a part of the live stock and fodder as the property of the lessee, and retook the rest as his own. In a suit for a conversion of all of this property, brought by the trustee in insolvency of the lessee, it was *held:—*

1. That the defendant, by his attachment, had in effect set apart that property as surplus belonging to the lessee under the lease, and estopped himself from claiming it as his own as against the trustee.
2. That the trustee could not maintain his action for a conversion of the rest of the property, since the insolvent had no legal title thereto as against the lessor upon the termination of the lease, the trustee's only remedy being an equitable action for an accounting and an adjudication of his right to the surplus, if any, of such property over that leased.
3. That the omission to record the lease did not affect its validity during the year in which the acts in question were done.

If the result reached by the jury is correct, it is immaterial whether the theory upon which the charge proceeded can in all respects be defended.

Argued May 7th—decided June 5th, 1907.

ACTION by a trustee in insolvency for the conversion of goods of the insolvent, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Peck, J.;* verdict and judgment for the plaintiff, from which each party appealed. *No error on either appeal.*

*Ralph O. Wells,* for the appellant (plaintiff).

*Herbert O. Bowers,* for the appellant (defendant).

BALDWIN, C. J. This cause, on a former trial (79 Conn. 18), resulted in a judgment for the defendant. The present judgment for the plaintiff was rendered upon evidence which was much the same, except that certain written leases affecting the title to the property in question were introduced by the defendant.

The later of these is the only one material to the issues. It granted and demised to Wheeler, of whose estate in insolvency the plaintiff is trustee, the defendant's farm, for five years from April 1st, 1904, with live stock, tools and utensils, valued at certain specified amounts, at a rent of $800 a year, $66.66 being payable monthly. Part of the dwelling-house and stabling for one horse were reserved

for the use of the defendant and his family, and also the privilege of appropriating for that use such products of the farm as his needs might call for. All manure and fodder then on the farm or thereafter produced upon it were to remain and be used upon it, except that fodder not needed for the live stock leased, nor for such as might replace it to at least an equal value, might either be sold or fed out to additional stock at Wheeler's option. At the end of the lease he was to deliver over to the defendant live stock, tools, utensils, and fodder equal in value to what was on the farm at the beginning of the term. Should any rent becoming due remain unpaid for fifteen days, the lessor might re-enter without demand or notice, and take possession of the leased premises, whereupon the lease should terminate.

Evidence was introduced at the second trial tending to prove that Wheeler absconded in January, 1905, the rent for several months being then overdue ; that in the middle of February the defendant took possession of the farm under a claim of forfeiture by the failure to pay the rent ; and that prior to this, on February 9th, he had caused six cows and certain fodder found upon the farm, being a part of the property, a conversion of which was charged, to be attached in a suit brought by him against Wheeler.

There was also evidence tending to prove that for six months before he absconded Wheeler had dealt with the personal property demised as if he owned it, selling or exchanging it, and buying to replace what was sold, in his own name ; whereby, the lease not having been recorded, certain of the creditors represented by the plaintiff were led to believe Wheeler to be the owner and therefore to give him credit.

It did not appear whether the cows attached were among those originally demised, or had been acquired by Wheeler subsequently by purchase or barter. There was evidence that Wheeler left on the farm personal property of the nature of that demised, to the value of $883; and to all of this the plaintiff claimed title.

Other attachments by other creditors followed that of the defendant, and all were dissolved by the insolvency proceedings.

The lease did not divest the defendant of all title to the personal property demised. It put in Wheeler's hands the power of administering it in the usual course of husbandry. He was a lessee with power to sell or exchange. Any purchases or acquisitions by exchange of property of this kind which he might make, would take the place of any similar property with which he had parted, subject to his right at the termination of the lease to claim and remove, as its absolute owner, any of such property then in excess of what he was bound to surrender.

Upon his absconding, leaving rent more than fifteen days overdue, the defendant had a right to enter for a forfeiture, and to take steps to ascertain whether the personal property left on the place was equal in value to that demised. Before making such an entry he procured an attachment of part of this property, as Wheeler's. At that time, the accounts between them were unsettled. If both had met before the service of the writ, and agreed that these particular articles should be set apart as Wheeler's property, and they had thereupon been set apart and attached, it would, in the absence of fraud, have been conclusive as to Wheeler and all claiming under him. The same result follows from what was done. The defendant has assumed to state the account himself. He has set apart, by his attachment, certain articles as belonging to Wheeler. The plaintiff, as representing Wheeler and his creditors, has, by bringing the present suit, assented to and affirmed this action of the defendant. It was therefore effectual to debar the defendant from ever setting up any claim of title in himself to that which he had attached.

The verdict for the plaintiff, which gave him the value of the property attached, was therefore right, and the defendant has no cause to complain of the judgment entered upon it.

The plaintiff claims that it should have been for all he

demanded, namely, the value of all the demised personal property which was left on the farm when Wheeler absconded, including such as had been acquired by purchase or exchange in the course of good husbandry. But the lease put the parties to it in equitable relations of a peculiar character. The defendant had sold nothing. Wheeler had acquired no absolute title to anything. He could sell or barter, but only by virtue of a special power implied for a special purpose. See *Downer* v. *Rowell*, 22 Vt. 351. Having a right to deal with the property as if he owned it, his creditors have only themselves to blame if they were misled by his exercise of it. Nor did the omission to put the lease on record affect its validity during the year in which the acts in question were done. *Baldwin* v. *Walker*, 21 Conn. 168.

At the expiration of the lease, had it continued for its full term, it would have been necessary for the parties to it to come to an agreement as to whether the personal property then on the farm was equal in value to that originally turned over to the lessee, or if unable to agree, to submit the determination of their respective rights in it to a court having equitable powers. Conditions entailing similar consequences followed the termination of the lease by entry for forfeiture. All that remained of the personal property demised, and all acquired to replace such of it as had been parted with, to an aggregate amount in value equal to that of what was originally demised, belonged to the lessor; but what that property was could not be ascertained without taking an inventory and stating an account. Either party to the lease had a right to bring an equitable action for this purpose. Neither, without the consent of the other, could claim an absolute title to any particular portion of it. They stood, in this respect, in a position analogous to that of copartners, after the dissolution of the firm.

When Wheeler absconded he abandoned the custody of the property. It was more than a month after the re-entry by the defendant before the plaintiff was appointed trustee in insolvency of Wheeler's estate, and another month

elapsed before he made the demand upon the defendant for possession which is the foundation of this action. The plaintiff has not sought any equitable relief. He could only maintain his action by proof that Wheeler had a legal title to what he has alleged that the defendant converted. To make out such a title, he relied on the lease, and that, as has been shown, did not support his contention. Under its terms, and after its termination, Wheeler or the trustee in insolvency, could only establish a title to it by agreement with the defendant or a judgment against him in a suit for equitable relief. The only agreement made or implied was that as to the property attached. The only suit brought was the present action for legal relief. The plaintiff, therefore, was entitled to no larger judgment than that which he recovered.

Our view of the legal effect of the lease renders it unnecessary to consider the exceptions founded on the admission of parol evidence to show what the parties to it understood that effect to be.

The charge of the trial court brought the jury to a correct result, and we therefore need not inquire whether the theory on which it proceeded could in all respects be maintained.

There is no error on either appeal.

In this opinion the other judges concurred.