MARY A. HOGBEN *vs.* THE METROPOLITAN LIFE INSURANCE COMPANY.

Third Judicial District, New Haven, June Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

One who in good faith pays premiums upon what he was induced to believe by the insurance company was a valid contract of life insurance, but which in reality never had any legal existence, is not precluded from recovering back the amounts so paid, merely because the insurance company, in case of loss, might be estopped to deny its liability upon the policy.

The fact that an insurance policy was issued and tendered to the applicant, pursuant to his application, does not necessarily prove a completed contract of insurance.

The trial court may properly exercise a large control over the jury, both before and after a verdict; but issues of fact material to the judgment, and upon which there is evidence sufficient to support a verdict, must be submitted to the jury.

[Argued June 3d—decided July 13th, 1897.]

ACTION to recover the aggregate amount of premiums paid by the plaintiff to the defendant under a claimed mistake of law and fact, brought to the Superior Court in New Haven County and tried to the jury before *Thayer, J.;* verdict and judgment for the defendant, and appeal by the plaintiff for alleged errors in the charge of the court. *Error, and new trial granted.*

It appears that on May 8th, 1887, one Ellen K. Cannon signed an application to the defendant insurance company, for insurance on her life for the benefit of her son, John M.

Cannon. The insurance applied for was that known as industrial insurance; the amount was $912, and the weekly premium $1.20. The defendant on May 30th, 1887, duly executed a policy of insurance in pursuance of said application, in which the agreement of the defendant is expressed to be "in consideration of the payment to said company on or before the date hereof of the premium mentioned in said schedule, and of a weekly premium to be paid on or before each and every Monday subsequent to said date during the life of the person insured." This policy was tendered to Mrs. Cannon, and within two or three months came into the possession of the plaintiff, who paid the weekly premiums until August 19th, 1894. The plaintiff's action is brought to recover the premiums so paid.

The complaint alleges that the premiums were paid under a mistake; that Mrs. Cannon had refused to accept the policy, had refused to pay premiums, and the policy had no legal existence as a valid policy; that the plaintiff had no interest in the life of the insured; that the defendant represented that if the plaintiff would pay the premiums said policy would be good in her hands, and she would be entitled to the amount due thereon in case of loss; that defendant knew such representations to be untrue; that the plaintiff believed the statements and acting on such belief paid the premiums; that defendant has retained said sums and refused to return them; that plaintiff has demanded the return of said premiums and has returned said policy to the defendant, and defendant repudiates all liability under said policy.

The answer contains two defenses. The first denies all the allegations of the complaint, except that alleging the plaintiff had no interest in the life insured, which is admitted. The second defense alleges that the plaintiff, for the purpose of gambling upon the life of Ellen K. Cannon, fraudulently claimed and pretended to the defendant that plaintiff had an insurable interest in said policy and in the life of said Cannon, and also fraudulently claimed and pretended to defendant that the plaintiff had, by an agreement with said Cannon and all others interested in said policy except the

defendant, been substituted for and had become the beneficiary under said policy; that these claims were false and known to the plaintiff to be false, and that all the payments mentioned in the complaint were made in reference to said wagering contract of insurance, with knowledge that she had no legal interest in said life, or under said policy.

Upon the trial the court charged the jury as follows :—

" The plaintiff in this action sues to recover from the defendant money paid as premiums on the Cannon policy, which is in evidence, under the mistaken belief, as she says, that the policy was valid and binding on the defendant, when in fact, as she alleges, it had no legal existence as a valid policy.

" The claim is based upon the proposition of law that the insurance premium paid to an insurance company is a compensation for the risk run upon the insurance policy, and that if a policy is invalid at its inception, or had no real existence, the company renders no equivalent for the premiums paid, and has no right to receive the same ; and even if received it is its duty to return them to the person paying.

" This is a correct statement of the law, as is also the further proposition of the plaintiff, that while the law does not allow a person to take out an insurance upon the life of another, if he has no interest in that life, it is yet perfectly lawful and proper for a person to take out an insurance on his own life, and make such insurance payable to a third party, whether that party has an interest in his life or not, and this may be done as an act of gratitude, or as a mere gratuity to the beneficiary. He may also take out such insurance and have it assigned, if he sees fit, to a third party, and it is perfectly proper for such third party under these circumstances to pay the premiums, and keep the insurance alive.

" The plaintiff claims that she thus had a perfect right to become the beneficiary under the policy of Mrs. Cannon, or the assignee of that policy from Mrs. Cannon, provided it was a valid policy legally issued to Mrs. Cannon upon her application, and had the right to pay the premiums and keep the policy alive for her own benefit. And this is true, pro-

vided the transaction was entered into in good faith, and not as a cover for a wagering or speculative contract which the law condemns.

" The plaintiff claims that she was led by the defendant to believe that the Cannon policy was a valid policy, and in good faith, in that belief, paid the premiums sued for, and that she was in fact mistaken in this belief, and that the policy never had a legal existence and validity.

"It becomes a question, therefore, whether the Cannon policy ever took effect as a binding contract, or whether, as the plaintiff alleges, it had no legal existence as a valid policy. If the policy took effect as a valid policy so that the defendant became liable for the risk, the plaintiff cannot recover in this action ; in that case the defendant, having sustained the risk, may retain the premiums as the compensation for it.

" Whether the policy took effect as a valid policy, is a question of law depending upon facts ; but as the facts bearing upon this part of the case, as proved by the plaintiff, are undisputed, it becomes practically a case for the court to decide, and the jury will be relieved from any serious consideration of the evidence in the case.

" The evidence is uncontradicted that Ellen Cannon duly applied for the policy of insurance here in question, and that the application was duly received by the defendant, and the policy made or issued by it. It would seem from the application that the first premium of one dollar and twenty cents was advanced by Mrs. Cannon at the time the application was made ; but however that may be, it is proved and not denied that the policy was duly tendered to Mrs. Cannon, and that the premiums were all paid up to the time that the plaintiff attempted to surrender the policy ; that two or three years prior to such attempted surrender the plaintiff, or her husband, wrote the letter, *Exhibit E*, or sent it to the defendant's president ; that he received the same, and that thereafter the defendant continued to receive premiums from the plaintiff on account of this policy.

" These facts being proved and uncontradicted, the defendant was bound by the policy, and the plaintiff, though she

acted in entire good faith in taking the policy and in advancing the premiums, which the defendant denies, cannot recover in this action.

"This being the case, the question whether Mrs. Hogben acted in good faith in taking the policy, or took it as a mere speculation upon the life of Mrs. Cannon, becomes unimportant to be considered. This question, which would have been a question within the province of the jury to determine, had it not become unimportant, being eliminated from the case, it becomes your duty to render a verdict for the defendant. You may therefore retire and prepare such verdict, and return it to court."

The jury, not returning a verdict, were recalled by the court and further instructed as follows: "It was the intention of the court to make it clear that on the admitted facts in this case the plaintiff could not recover, whatever the facts might be with reference to the great issue that was contested here, and to which most of the examination of the witnesses was directed in an attempt to prove or disprove; that being so it became the duty of the court to instruct the jury that their verdict should be for the defendant, and of course it became the duty of the jury under those circumstances to return such a verdict. I therefore ask you to retire again, and return the verdict directed."

*Talcott H. Russell,* for the appellant (plaintiff).

The judge's charge is based upon the proposition that the policy was in force. But the policy was not in force. The evidence shows that it was never accepted and never, as a matter of fact, delivered. We have, therefore, a naked case of the signing of an application, and the making out of the policy, without delivery or payment of premium. Such action does not complete the contract and does not put it in force as a legal obligation. *Hoyt* v. *Mut. Benefit L. Ins. Co.,* 98 Mass. 539; 1 May on Insurance, § 56; *Markey* v. *Mut. Benefit L. Ins. Co.,* 118 Mass. 178; *Shaffer* v. *Lehigh Co.,* 89 Pa. St. 298; *Covenant Mut. Benefit Asso.* v. *Conway,* 10 Ill. App. 348; *Rogers* v. *Charter Oak L. Ins. Co.,* 41 Conn. 97;

*Faunce* v. *State Mut. L. Ins. Co.*, 101 Mass. 279; *Myers* v. *Liverpool, etc., Ins. Co.*, 121 id. 338. The company. is estopped from claiming that the policy was valid. Even .if the payments of Mrs. Hogben had kept the policy alive she would have received no benefit therefrom. She could not have recovered from the insurance company because she had no interest. 2 May on Insurance, § 349a. Plaintiff is entitled to recover the premiums she was induced to pay by fraud. *Hedden* v. *Griffin*, 136 Mass. 229; *Mansfield* v. *Lynch*, 59 Conn. 321. The representations of the agent, and particularly of the superintendent of the company, are the representations and acts of the company, and their knowledge that of the company. May on Insurance, §§ 120, 126 a, 127, 132, 133; *Metropolitan Accident Asso.* v. *Clifton*, 63 Ill. App. 197; *Clubb* v. *Am. Acc. Co. of Louisville*, 25 Southeastern Rep. 333.

*Henry Stoddard*, with whom was *Roger S. Baldwin*, for the appellee (defendant).

Application for a policy upon the life of Ellen Cannon was duly made and the policy was issued. She changed her mind and concluded she would not continue the policy. A canvasser for the defendant took the policy and according to the plaintiff's claim delivered it to her, and the plaintiff and her husband paid the premiums thereafter. The policy, therefore, was a valid policy, binding upon the defendant, and the premiums cannot be recovered back. If a loss had occurred at any time during the payment of premiums the defendant would have been liable. Upon the facts as stated in the complaint and amendment thereto, the defendant was liable upon the policy, and there is no ground for claiming that the plaintiff has a right of action against the defendant; the direction of the court was right. If the facts stated in the letter written to the defendant by the plaintiff, or by her husband at her request, are true, as claimed by the plaintiff, and the defendant after its receipt continued to receive the premiums, as claimed by the plaintiff, the policy became, and was as long as the premiums were paid, a valid policy, so that

the defendant was bound thereby, and the plaintiff cannot recover in this action.

HAMERSLEY, J. The undisputed facts do not necessarily establish a valid contract of insurance between the defendant and Ellen K. Cannon. It is not enough for such purpose that the defendant signed a policy of insurance in pursuance of Mrs. Cannon's application, and tendered it to her. The testimony tends to prove, if it does not clearly show, that after signing the application Mrs. Cannon changed her mind; that she refused to accept the policy when tendered, and never received it; that neither she nor the beneficiary named in the policy paid the first premium or any premium, or authorized payment of the same. In such a state of evidence it would be error in the court to hold that the undisputed facts, *viz:* the signing of an application, with the execution and tender of the policy, necessarily prove a completed contract of insurance between the defendant and Mrs. Cannon. *Rogers* v. *Charter Oak Life Ins. Co.*, 41 Conn. 97; *Whiting, Admr.*, v. *Mass. Mutual Life Ins. Co.*, 129 Mass. 240. This question is not definitely passed upon in the charge.

The court, however, couples the facts of the application, the execution of the policy and the tender, with other undisputed facts, *viz:* that the plaintiff paid the premiums up to the time she attempted to surrender the policy; that two or three years prior to such attempted surrender she wrote the defendant that she held the policy on Mrs. Cannon's life, telling how she claimed to have come by it and offering to surrender it on return of the premiums paid, if the transactions were not straightforward; that the defendant received this letter and thereafter continued to receive premiums from the plaintiff on account of the policy,—and thereupon the court tells the jury that "these facts being proved and uncontradicted, the defendant was bound by the policy, and the plaintiff, though she acted in entire good faith in taking the policy and in advancing the premiums, which the defendant denies, cannot recover in this action."

If this statement of the law applicable to the facts recited,

is incorrect, it was error for the court, on such ground, to direct the jury to return a verdict for the defendant. It is plainly impossible for the defendant to be bound by a contract which never existed. If Mrs. Cannon had died before the surrender of the policy, it may be that the defendant, through an application of the doctrine of estoppel, might have been compelled to pay the amount of insurance to the plaintiff. But that does not make the contract valid. It does not affect the liability of the defendant to return money paid under an honest mistake induced by its false representations. When the plaintiff discovered her mistake she returned the policy and demanded the return of the premiums. This she had the right to do, if she had acted in good faith. Her money had been paid in reliance on a valid contract, and not on the chance of an estoppel. She could not be compelled to keep up these payments because the defendant, in the event of the death of the insured, might be estopped from denying the truth of its representations. Nor was the defendant entitled to retain the premiums as compensation for the risk sustained. Whatever the risk may have been, it was not sustained as the result of a contract between the parties, but was incurred wholly through the defendant's own wrong. If, indeed, death had occurred, and the plaintiff had received the amount of insurance, she would then by her own act be estopped from claiming a return of the premium; but she cannot be prevented from reclaiming her money, paid under a mistake, because the defendant, if it had retained the money, might be estopped from taking advantage of its own wrong in causing the mistake. We see no ground on which this part of the charge can be sustained; none was suggested in argument.

We cannot consider whether the evidence on the question really tried to the jury, i. e., the good faith of the plaintiff, is so conclusive that the plaintiff cannot be said to have been injured by the error in the charge. The conclusion is one to be drawn from conflicting testimony, and one of fact, which the jury were not permitted to pass upon. The control a trial court may properly exercise is very large, both before and

after a verdict; but questions of fact in issue and material to a judgment, upon which there is evidence sufficient to support a verdict, must be submitted to a jury. *Occum* v. *Sprague Manufacturing Co.*, 34 Conn. 529, 538; *Cook* v. *Morris, Exr.*, 66 id. 196, 211.

Upon the testimony reported, the jury might be justified in finding that the payments were in fact and intention made by the plaintiff in the execution of a wagering contract on the life of Mrs. Cannon, which the law holds to be both immoral and illegal. The charge does not state the law applicable to such a state of facts, either in respect to the effect of an honest belief on the part of the plaintiff, induced by the defendant, that the transaction was legal, or as to the position of the payments while held by the defendant pending the termination of the life which is the subject of the wager; in the view taken by the court this was unnecessary. So these questions, while evidently in the case, are not presented by this record.

There is error in the judgment of the Superior Court, and a new trial is granted.

In this opinion the other judges concurred.