JACOB SCHLEIFENBAUM ET UX. *vs.* JOHN RUNDBAKEN.

First Judicial District, Hartford, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

It is for the jury to determine the credibility of witnesses and the weight and effect to be given to conflicting evidence; and the action of the trial court in refusing to set aside a verdict under such conditions will not be disturbed on appeal.

An agent who betrays his trust and defrauds his principal is not only liable to the latter for any secret profits he may have thereby secured, but also forfeits all right to compensation or to a commission for his services.

Argued January 5th—decided February 16th, 1909.

ACTION to recover money secretly received by the defendant, a broker, upon a sale of real estate placed in his hands by the plaintiffs, brought to the Superior Court in Hartford County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiffs for $850 damages, and appealed by the defendant. *No error.*

*William F. Henney,* for the appellant (defendant).

*Joseph L. Barbour,* for the appellees (plaintiffs).

RORABACK, J. The complaint alleges, in substance, that the defendant, being a real-estate broker, accepted from the plaintiffs an agency to sell for them certain real estate, which sale was effected, and that in the performance of that agency he was dishonest, deceiving his principals with false statements, and thereby obtained for himself $850, which the plaintiffs are attempting to recover.

The answer admitted that the plaintiffs owned the property described in the complaint; that the defendant was a real-estate broker; and that the property had once been in his hands for sale on commission. The defendant denied

the alleged fraud, and averred and claimed that this real estate had been withdrawn by the plaintiffs from his hands as a broker about three months before the transaction complained of.

The jury returned a verdict for the plaintiffs, which the defendant moved be set aside as against the evidence. This motion was denied and judgment rendered for the plaintiffs. The denial of this motion is one of the reasons of appeal. The other assignments of error relate to the charge to the jury.

"The power of granting new trials on the ground that the verdict was against the evidence is vested in the trial courts. The supervision which a judge has over the verdict is an essential part of the jury system. A court has some discretion in the matter of a new trial, but it is a legal discretion. It should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality." *Burr* v. *Harty*, 75 Conn. 127, 129, 52 Atl. 724; *Bissell* v. *Dickerson*. 64 Conn. 61, 29 Atl. 226; *Loomis* v. *Perkins*, 70 Conn. 444, 447, 39 Atl. 797; *Howe* v. *Raymond*, 74 Conn. 68, 71, 49 Atl. 854.

From an examination of the evidence it is apparent that there was a decided conflict in the testimony of the witnesses, and the weight to be given the evidence must have been one of the material questions in the determination of the case. It was for the jury to determine the credibility of the witnesses and the weight and effect of their evidence. *Occum Co.* v. *Sprague Mfg. Co.*, 34 Conn. 529, 538; *Cook* v. *Morris*, 66 id. 196, 211, 33 Atl. 994; *Hogben* v. *Metropolitan L. I. Co.*, 69 Conn. 503, 511, 38 Atl. 214; *Pigeon* v.

*Lane,* 80 Conn. 237, 67 Atl. 886. From the evidence reported, we are satisfied that the jury, in the proper exercise of their powers, might fairly have found a verdict for the plaintiffs.

The other exceptions relate to the charge of the court as to the measure of damages. The instructions complained of are in substance as follows: That if the jury should find that Rundbaken was acting for the plaintiffs as their agent, then their verdict should be for the difference between what he paid the plaintiffs in New York "and the price which he received, which is $850"; that the plaintiffs "are entitled to claim and recover from him the difference between the sum which Rundbaken paid them in New York, and the sum which he received in Hartford on the following day"; that the plaintiffs "are entitled to recover from the defendant, if he has received it, the difference between the sum he paid to them and the sum he received."

The defendant contends that under these instructions the jury must have understood that, in arriving at their verdict, they could make no allowance to the defendant for his commission.

The plaintiffs in their complaint claimed that they were entitled to the entire amount which the defendant received for the property, less the money which had already been paid them, which was conceded to be $850. This amount the plaintiffs alleged and claimed had been dishonestly obtained by the defendant while acting as their agent in the sale of their real estate.

The instructions called the attention of the jury to the case set forth in the pleadings, and were in conformity with the claims presented by the evidence. The jury, by rendering a verdict for the plaintiffs, have sustained their contention that the defendant had betrayed his trust by acting adversely to their interests. An agent is held to perfect good faith in his dealings with his principal, and if he acts adversely to his employer in any part of the trans-

action, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal as to forfeit any right to compensation for services. *Bollman* v. *Loomis,* 41 Conn. 581, 583; *Weinhouse* v. *Cronin,* 68 id. 250, 254, 36 Atl. 45; Story on Agency (8th Ed.) §§ 31, 334; 1 Story on Eq. Jurisp. (12th Ed.) § 315; Ewell's Evans on Agency, 268; Dunlap's Paley on Agency, 105, 106; *Carman* v. *Beach,* 63 N. Y. 97, 100.

There is no error.

In this opinion the other judges concurred.