WILLIAM H. MUELLER *v.* THE DARCEY TRANSPORTATION COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued December 7, 1948—decided February 1, 1949

*Ernest W. McCormick,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellee (defendant).

MALTBIE, C. J.    The plaintiff, driving a passenger car in the dusk and with his windshield wiper going because it was misting, overtook and collided with the defendant's truck part way up a steep hill.   His contention was that the truck rolled back on his car, causing the injuries sued for.   The trial court held that he was guilty of contributory negligence and rendered judgment for the defendant.   The plaintiff has appealed.

The trial court found these facts: As the truck proceeded up the hill its motor began to sputter and its speed decreased, and the plaintiff, following it, slowed his car but continued to approach the truck until the distance between them was twenty to thirty feet; the plaintiff noticed that the truck was beginning to slow down very perceptibly, but he continued to follow directly behind it.   The speed of his car decreased until it was between five and ten miles an hour and the motor began to buck.   His car was then twenty feet or less behind the truck and proceeding in high gear. The motor of the truck finally stopped and the truck came to a halt.   The plaintiff continued on, and while he was in the process of shifting from high to low gear he crashed into the end of the truck.   While the plaintiff attacks certain of these findings, there was evidence before the court which directly or by inference supported them.   We cannot hold that the trial court could not reasonably reach the conclusion that the

plaintiff was guilty of contributory negligence in that, in view of the way in which the truck was proceeding, he did not have his car in such control that he could, in the exercise of reasonable care, have stopped it so as to avoid the collision, and, proceeding at a speed of only five to ten miles an hour, he did not stop it but continued on until it crashed into the rear of the truck.

There is no error.

In this opinion JENNINGS and ELLS, Js., concurred; DICKENSON, J., concurred in the result; BROWN, J., dissented.