## Rita Silva, Administratrix (Estate of Bessie Phillips) *v.* City of Hartford

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued February 4—decided March 23, 1954

*Leon RisCassi,* for the appellant (plaintiff).

*Robert Y. Pelgrift,* with whom was *Robert E. Cohn,* for the appellee (defendant).

DALY, J. This appeal was taken by the plaintiff from the court's denial of her motion to set aside a verdict by which the jury found the issues for the defendant. The plaintiff brought her action under § 2126 of the General Statutes (as amended, Cum. Sup. 1953, § 957c), which provides for the recovery of damages by a person injured by means of a defective road or bridge. She alleged, in her complaint, that her decedent, Bessie Phillips, was injured on May 26, 1951, at about 8 o'clock in the evening, and died on April 29, 1952, as a result of tripping and falling on a defective public sidewalk on Church Street in the city of Hartford. It was claimed that, while walking, her heel caught in a hole in a portion of the sidewalk consisting of a metal frame and several glass inserts. The plaintiff maintained that this defective condition had existed for a long period of time and that the defendant had actual or constructive notice of it. Her contention is that the manifest injustice of the verdict was so plain and palpable as to justify the suspicion that the jury or some of them were influenced by prejudice, corruption or partiality and that, accordingly, it was the duty of the court to set aside the verdict.

The plaintiff asserts that all her witnesses were truthful, that there was no reason for not believing them and that, as the defendant offered no evidence to contradict that presented by the plaintiff, the proof of all the essential allegations of the complaint was established. In its answer, the defendant denied many of the allegations of the complaint, including those stating that there was a defective condition in the sidewalk and that the tripping and fall of the plaintiff's decedent was caused by it. When an answer denies several paragraphs of the complaint, in each of which a material fact is al-

leged, a separate issue of fact is raised as respects each. *Nowsky* v. *Siedlecki,* 83 Conn. 109, 112, 75 A. 135. The defendant's denial of the essential allegations of the complaint threw upon the plaintiff the burden of proving each one upon which a separate issue was raised. The general burden of proof rests upon the plaintiff in civil actions. *Daly Bros., Inc.* v. *Spallone,* 114 Conn. 236, 241, 158 A. 237. The defendant's failure to present any evidence in contradiction of that offered by the plaintiff gives no support to the claim that the truth of all the essential allegations of the complaint was established. A plaintiff prevails not by reason of the weakness of the defendant's case but because of the strength of his own. *Thaw* v. *Fairfield,* 132 Conn. 173, 179, 43 A.2d 65.

The jury had the opportunity to see and hear the witnesses who testified for the plaintiff. It is only in a rare case that it can be said, as a matter of law, that the jury must accept as true evidence offered before them, for the determination of the credibility to be accorded witnesses is peculiarly within the exercise of the jury's function, and the trial court may not ordinarily substitute its conclusions for theirs. *O'Dea* v. *Amodeo,* 118 Conn. 58, 67, 170 A. 486; see *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 578, 102 A.2d 345. Specifically, in the present case, the plaintiff failed to produce any evidence that would compel the jury to find that the particular hole which caused the plaintiff's decedent to fall had existed for such a long time prior to the accident as to charge the defendant with constructive notice of its existence and give the defendant a reasonable time thereafter to make repairs.

The power of granting new trials on the ground that the verdict was against the evidence is vested in

the trial courts. The supervision which a judge has over the verdict is an essential part of the jury system. A court has some discretion in the matter of a new trial, but it is a legal discretion. *Schleifenbaum* v. *Rundbaken,* 81 Conn. 623, 624, 71 A. 899. As the question of credibility was one peculiarly within the province of the jury, we cannot say that the court was in error in deciding that their conclusions were not so palpably wrong as to justify the suspicion that they or some of them were influenced by corruption, prejudice or partiality. *Root* v. *New Haven Trust Co.,* 82 Conn. 600, 610, 74 A. 950.

There is no error.

In this opinion the other judges concurred.