RAYMOND EGGLESTON ET AL. *v.* EVELYN CURTISS

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued March 8—decided March 20, 1973

*Hadleigh H. Howd,* with whom, on the brief, was *Wesley H. Horton,* for the appellant (defendant).

*Bernard E. Francis,* for the appellees (plaintiffs).

PER CURIAM. This case arose from a motor vehicle collision which occurred on or about July 12, 1969. The three minor plaintiffs were the occupants of one car and the defendant was the driver of the other. It was an uncomplicated negligence case,

and the decisive issue was whether the defendant was guilty of negligence which caused the collision and the minor injuries sustained by the plaintiffs. All of the plaintiffs testified. The defendant did not testify. The jury returned a verdict for the defendant and the court set aside the verdict, stating: "It is the opinion of the court that the verdict of the jury is completely unsupported by the evidence."

An examination of the evidence contained in the appendices to the briefs indicates that the testimony of the plaintiffs was marked by inconsistencies and statements which the jury could well disbelieve as exaggerated and untrue. The plaintiffs had the burden of proof. "It is only in a rare case that it can be said, as a matter of law, that the jury must accept as true evidence offered before them, for the determination of the credibility to be accorded witnesses is peculiarly within the exercise of the jury's function, and the trial court may not ordinarily substitute its conclusions for theirs." *Silva* v. *Hartford,* 141 Conn. 126, 128, 104 A.2d 210.

It is apparent from the court's memorandum of decision that the court did not agree with the jury's evaluation of the plaintiffs' credibility and improperly substituted its finding for that of the jury. In so doing, it impermissibly preempted the function of the jury.

There is error and the case is remanded with direction to render judgment on the verdict.