### HELEN J. FOX *v.* SCOTT J. MASON
### (10682)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued January 11—decision released March 15, 1983

*Charles W. Fleischmann,* with whom, on the brief, was *Arnold J. Bai,* for the appellant (defendant).

*Harry Cohen,* for the appellee (plaintiff).

GRILLO, J.  The plaintiff instituted this action on February 2, 1978, seeking to recover damages for personal injuries and lost wages allegedly caused by the defendant's negligence in the operation of a motor vehicle.  The accident occurred on February 13, 1976.  The defendant denied his negligence and pled comparative negligence as a special defense.  The jury returned a verdict in favor of the plaintiff in the amount of $459.  This verdict reflected a finding by the jury that the plaintiff was 49 percent negligent and the defendant 51 percent negligent.  The plaintiff filed a motion to set aside the verdict on the ground that the verdict was inadequate.  General Statutes § 52-228b.  The trial court ordered that the verdict be set aside and a new trial be held solely on the issue of damages unless the defendant, within one week of the court's order, and the plaintiff, within one week thereafter, stipulated that judgment might enter for the plaintiff in the amount of $1428.  The defendant agreed to accept the court's additur, specifically noting that should the plaintiff fail to accept he was not by his acceptance waiving his right to contest the legal sufficiency of the trial court's judgment setting aside the verdict.  As the plaintiff did not accept the additur, the defendant took the present appeal.

Of the several questions presented by the defendant, we address only one in view of our disposition of this appeal: whether the court abused its discretion in setting aside the verdict.

The plaintiff offered evidence as follows: At the time of the trial she was 59 years of age. When the accident occurred she struck her head on the windshield, dashboard or steering wheel. Her knees and elbow bled and she received a bump on her head. She bruised her elbows, head, and knees. Robert Orlandi, an orthopedic surgeon and the plaintiff's attending physician, testified that she received a lumbar sprain secondary to an acute injury superimposed on a previously operated back with disc narrowing. The plaintiff had undergone a lumbar laminectomy for a disc protrusion in 1968. She suffered pain after the accident, and Orlandi concluded that as a result of the accident she has a 25 percent permanent partial disability of the back. She continues to have low back pain.

The defendant, who presented no medical witness, entered into evidence a medical report of Orlandi dated February 6, 1978. His diagnosis therein was a "chronic lumbosacral sprain with osteoporosis."[1] In a searching cross-examination, a good portion of which was devoted toward challenging the testimony of Orlandi relating the plaintiff's back problem to the accident, defense counsel attempted to gain an admission from the witness that osteoporosis caused the plaintiff's pain. Counsel cited medical authorities in an attempt to support the defendant's position. Orlandi maintained that such a contention was "debatable."

---

[1] Orlandi described osteoporosis as "a lack of mineral content in the bone."

Orlandi saw the plaintiff for her back complaints for the last time on September 30, 1976. He saw her again, however, for an unrelated problem on November 24, 1980, and it was then that he concluded that the plaintiff had a 25 percent disability of her back caused by the accident of February 13, 1976. His opinion was based upon the plaintiff's medical history and his examination and diagnosis. He had obtained a history from the plaintiff, which included a lumbar laminectomy for a disc protrusion in 1968.[2]

From the record before us, it is clear that the defendant utilized the plaintiff's medical history prior to the accident to dispute vigorously the causal relationship between the claims for damages and the exacerbation of a previous back injury.

In its memorandum setting aside the verdict, the court opined that the jury award of $900, diminished by the plaintiff's negligence to $459, was unreasonable. The court further reasoned that the doctor's treatment, the plaintiff's inability to work and her medical specials were "inescapably" related to injury caused by the accident.[3] The court thereupon awarded the plaintiff her entire medical special damages, $700,[4] and her claimed loss of earnings, $1600. The trial court, noting that before trial there was an offer of $4000 or $4500 to the plaintiff, then concluded that $500 should be awarded for

[2] On cross-examination the plaintiff stated that she had a disc removal operation in 1965 resulting from an auto accident in 1963 and had instituted a law suit for a back injury. The court, in its charge to the jury, stated that there was a claim that the plaintiff had a disc removal operation in "1965 or '68."

[3] We may consider the reasons stated by the court in its memorandum of decision. *Hamill* v. *Neikind*, 171 Conn. 357, 358, 370 A.2d 959 (1976).

[4] This did not include some prescription bills.

pain and suffering, thus making a total award of $2800. After a deduction of 49 percent, the figure attributed by the jury to the plaintiff's negligence, judgment was entered in the amount of $1428. The claim for permanent disability, the court found, was not "sufficiently established."[5]

In seeking to bolster her argument in support of the action of the trial court, the plaintiff asserts that no medical evidence was introduced contradicting the testimony of Orlandi, whose testimony played a vital role as to the pleaded causal relationship between the claimed accidental injury and the claimed disability, medical special damages, and lost wages. We find this argument to be without merit.

We note, first, that the report of Orlandi dated February 6, 1978, and submitted into evidence by the defendant does not coincide with his trial testimony that as a result of the accident the plaintiff suffered from a sprain superimposed on a previously operated back with disc narrowing. The report instead diagnosed the plaintiff's condition as a "chronic lumbosacral sprain with osteoporosis." Moreover, a defendant need call no witnesses and may rely upon the insufficiency of the plaintiff's proof of damages. *Johnson* v. *Toscano,* 144 Conn. 582, 593, 136 A.2d 341 (1957). Further, in the present case the evidence relating to the nature and cause of the plaintiff's injury was disputed. "The extent to which the jury accepted the medical testimony is, of course, unknown. The jury were not bound by the opinion of the [doctor] . . . ." *Birgel* v. *Heintz,* 163 Conn. 23, 30, 301 A.2d 249 (1972).

[5] The plaintiff's counsel stated in argument that the plaintiff's claim for the medical specials and loss of earnings was predicated on the same diagnosis on which the permanent disability was based.

The jury could have rejected the opinion of Orlandi in whole or in part regardless of their belief or nonbelief of the subordinate facts relating to his opinion. Id.

" 'It is only in a rare case that it can be said, as a matter of law, that the jury must accept as true evidence offered before them . . . and the trial court may not ordinarily substitute its conclusions for theirs.' *Silva* v. *Hartford,* 141 Conn. 126, 128, 104 A.2d 210 [1954]." *Eggleston* v. *Curtiss,* 164 Conn. 480, 481, 325 A.2d 456 (1973). Conclusions of proximate cause are to be drawn by the jury and not by the court. *Maciejewska* v. *Lombard Bros., Inc.,* 171 Conn. 35, 46, 368 A.2d 206 (1976). "Assessment of damages is peculiarly within the province of the jury . . . ." *Slabinski* v. *Dix,* 138 Conn. 625, 629, 88 A.2d 115 (1952).

There is no demonstration on the record before us that the jury were swayed by prejudice, passion, mistake or corruption. That the verdict was exiguous when viewed from the plaintiff's evidential plateau is clear. However, "[t]he extent of the injuries which the [plaintiff] sustained was hotly contested as was the causal relationship between the accident and the injuries claimed." *Angelica* v. *Fernandes,* 174 Conn. 534, 534–35, 391 A.2d 167 (1978). Under these circumstances, we are unable to conclude that the verdict falls outside "the necessarily flexible limits of fair and reasonable compensation . . . ." *Vandersluis* v. *Weil,* 176 Conn. 353, 358, 407 A.2d 982 (1978). The verdict may have been a compromise effected by some jurors who had "held out" for a defendant's verdict. The jurors might have concluded that the injury was a lumbosacral sprain without any aggravation of a back problem occasioned by a prior disc operation

and that osteoporosis was causing the plaintiff's pain. Those were possibilities, but we can only speculate. At most the jury exercised poor judgment. *Jerz* v. *Humphrey,* 160 Conn. 219, 226, 276 A.2d 884 (1971).

We conclude that the trial court trespassed in an area in this case properly reserved for the jury.

There is error, and the case is remanded with direction to render judgment on the verdict.

In this opinion the other judges concurred.