[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE THE VERDICT
The plaintiff has moved to set aside a verdict in favor of the defendant. The jury found that the plaintiff's negligence was 70% of the entire amount of negligence which caused the plaintiff's injuries and the defendant's negligence was 30% of that amount.
Based on the evidence presented at trial, the jury could have found the following facts.
At 7:54 a.m. on September 1, 1988 the plaintiff, John Niel, was operating his bicycle in a westerly direction on Mallard Drive, a private road located in the Farmington Woods condominium complex in Avon, Connecticut. At that time, Steven Griswold was operating a van in an easterly direction on Mallard Drive. As Niel was approaching the intersection of Mallard Drive and Ashford/Putnam Drive, Griswold turned left onto Putnam Drive without using his left turn signal and without coming to a stop. Niel turned his bicycle away from the van and was struck by a motor vehicle operated by Adrian J. Menichetti. Niel was hurled across the pavement striking his body, face, head, neck, arms, knees and legs against the pavement. He was transported by ambulance to John Dempsey Hospital where he received medical treatment.
The plaintiff argues that the verdict should be set aside. because there was no evidence that he was speeding or operating his bicycle out of control and, therefore, no evidence upon which to base the finding that the plaintiff was 70% negligent.
"A verdict cannot be set aside if the jury could reasonably have found in accordance with the verdict which they rendered." Murphy v. Soracco, 174 Conn. 165, 169, 383 A.2d 1350 (1978).
"The issues of negligence and contributory negligence are ordinarily ones of fact." Trzcinski v. Richey, 190 Conn. 285,295, 460 A.2d 1269 (1983). The court has a duty to set aside the verdict when the verdict "does manifest injustice and is . . . palpably against the evidence." Fazio v. Brown, 209 Conn. 450,454, 551 A.2d 1227 (1988).
The issue of proximate cause is also one of fact for the jury. "It becomes a conclusion of law only when the mind of a fair and reasonable [juror] could reach only one conclusion; if there is room for a reasonable disagreement, the question is one to be determined by the trier as a matter of fact." Trzcinski v. Richey, supra; Tetro v. Stratford, 189 Conn. 601, 605,458 A.2d 5 (1983); Fox v. Mason, 189 Conn. 484, 489, 456 A.2d 1196
(1983); Busko v. DeFilippo, 162 Conn. 462, 466-467, 294 A.2d 510
(1972); Marley v. New England Transportation Co., 133 Conn. 86,591, 53 A.2d 296 (1947). CT Page 6643
Amy Levack, an independent witness, testified that as the plaintiff was going down the hill before the accident, he was "going extremely fast" and "much too fast for the conditions." She was going 20-25 miles per hour; he was going much faster. She lost sight of him for about a minute as he went around the curve at the bottom of the steep part of the hill. When she came around the corner, she saw the defendants' van in mid-turn and, as she was looking, the bicycle swerved to the left to avoid the van and hit the car driven by Mr. Menichetti. At the time the plaintiff started to swerve, he was about 20 feet from the van, and, although he was going slower than when he was going down the steep hill, nevertheless, "before he swerved, he was going fast." From this evidence, the jury could have found that the plaintiff was negligent, in that he was going faster than a reasonable speed, and that he did not have his bicycle under reasonable control, in the sense that he could not, "in the exercise of reasonable care, have stopped it so as to avoid the collision." Mueller v. Darcey Transportation Co., 135 Conn. 314,316, 64 A.2d 50 (1949). See also, Murphy v. Soracco,174 Conn. 165, 167, 383 A.2d 1350 (1978).
Both the defendant, Griswold and Mr. Menichetti, an independent witness in this trial, testified that they did not see the bicycle until the moment of collision. However, Menichetti testified that he could have seen a car if it had been coming toward him and that the sun was not hindering him. From this evidence, the jury could have found that the plaintiff was coming so fast that, before Griswold made his turn, he was either still around the bend and out of sight, or far enough up the straightaway that he could not easily be seen.
Based on the foregoing, the court finds that the jury's verdict was supported by the evidence.
The plaintiff further argues that the verdict must be set aside under Labatt v. Grunewald, 182 Conn. 236, 242, 438 A.2d 85
(1980) because the jury's answers to interrogatories show that the jury was confused. In Labatt the jurors rendered a verdict for the defendant, but stated in an interrogatory response that the plaintiff's negligence was "50% or less" of the total negligence. Furthermore, the members of the jury at other times stated that they did not understand the court's instructions and did not find that anyone was negligent. The verdict and interrogatory response were clearly inconsistent and there were additional indications that the jury was confused.
In this case, interrogatories submitted to the jury were answered as follows: CT Page 6644
 1. Was the defendant, Steven Griswold, negligent in any of the ways alleged in the complaint? No.
 3. Was the plaintiff, John Niel, negligent in any of the ways alleged in the complaint? Yes.
 6. Please determine the percentage of negligence that caused the plaintiff's injuries. 70% — John Niel 30% — Steven Griswold 0% — Adrian J. Menichetti
Here the answers to the interrogatories, though arguably inconsistent with each other, are nevertheless consistent with the verdict. The "No" answer to Interrogatory No. 1 can be explained as the jury's conclusion that the defendants are not liable for the plaintiff's injuries. Both the "No" answer to Interrogatory No. 1 and the finding of 30 percent fault in Steven Griswold in response to Interrogatory No. 6 are consistent with the verdict for the defendants and with General Statutes, Section 52-572h(b), which provides that the plaintiff's contributory negligence "shall not bar recovery . . . if the [plaintiff's] negligence was not greater than the combined negligence of the person or persons against whom recovery is sought . . . ." Or, put the other way, if, as here, the jury finds that the plaintiff's negligence exceeds the combined negligence of the defendants, the plaintiff may not recover.
It is not apparent that the jurors were confused; but if they were, their confusion was minor and did not lead to any inconsistent result.
The plaintiff also argues that the jury charge was erroneous because the court did not instruct the jury that the defendant Griswold's violation of Sections 14-222, 14-242(e) and14-244 constituted negligence per se. The court declined to request as charged because the aforementioned statutes apply only to public highways. See, Robinson v. Faulkner, 163 Conn. 365,369-370, 306 A.2d 857 (1976); Wamphassuc Pt. Property Owners Assn. v. Public Utilities Commission, 154 Conn. 674,680-81, 28 A.2d 513 (1967). The accident here took place at the intersection of two private roadways. The court did charge in the language of the aforementioned statutes, telling the jury that it could use the statutory language as a guide to the standard of care applicable at the intersection of two private roads. CT Page 6645
Finally, the plaintiff argues that the court should have charged that Griswold's departure from the scene of the accident was an admission of guilt. The court found no evidence that Griswold attempted to flee from the scene such as would be required to justify such a charge under Gaul v. Noiva, 155 Conn. 218,224, 203 A.2d 591 (1967).
For the foregoing reasons, the Motion to Set Aside the Verdict is denied.
Aurigemma, J.