[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Lorna Nixon as administratrix of the Estate of Dwight Collins has brought this action for dangerous and defective premises against Edward Kaufman, Laurie Kaufman and Eve Mancucci (hereinafter "owners") as the owners of premises located at 106 Medford Street, West Haven, Connecticut (hereinafter "106 Medford Street"). The revised complaint alleges that on or about March 13, 1995, at approximately 11:00 p. m. Dwight Collins was standing on a stairway located on the outside of 106 Medford Street when he was shot and killed by an unknown assailant. The revised complaint alleges that the assailant was hiding on the premises in the immediate vicinity where Dwight Collins was shot and killed. The revised complaint further alleges that the owners were negligent in three respects:
 1. that they knew or should have known of broken and/or missing lights located above the common doorway near the outside stairway;
 2. that they failed to warn the plaintiff's decedent of this dangerous condition; and
 3. that they failed to exercise reasonable care to keep the premise, in a reasonable safe condition.
Revised Complaint ¶ 6
The owners have now moved for summary judgment on the ground CT Page 3335 that duty and proximate causation, as a matter of law, are lacking in this case.
The standards for summary judgment are well settled and require no extended discussion. Pursuant to Practice Book §17-49, summary judgment is to be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id. at 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
"The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact[.]" (Internal quotation marks omitted.) Miller v. United Technologies Corp., supra,233 Conn. 751-52. "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 378 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id. at 379. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
In order to prevail in their cause of action for negligence, the plaintiff must prove four essential elements: duty, breach of that duty, causation, and actual injury. R.K. Constructors v.Fusco Corp., 231 Conn. 381, 384 (1994). The owners claim that, as a matter of law, the plaintiff cannot establish either duty or causation, and that therefore summary judgment is appropriate. While duty and causation are separate elements, both involve a determination of whether the harm that occurred was foreseeable. See Lodge Arett Sales Corp., 246 Conn. 503, 572 n. 7 (1998) CT Page 3336 (threshold injury for duty has always been whether the harm alleged by the plaintiff was foreseeable to the defendant); Merhiv. Becker, 164 Conn. 516, 521 (1973) (the fundamental injury to all proximate cause questions is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence). Where, as here, the duty asserted is not the direct cause of the harm to the plaintiff, it is impractical if not impossible to separate the question of duty from the analysis of cause. Lodge v. Arett Sales Corp., supra,246 Conn. 574.
The parties in their briefs have discussed the application of four cases to the facts of this case: Lodge v. Arett Sales Corp.,
supra; Doe v. Manheimer, 212 Conn. 748 (1989); Stewart v.Federated Department Stores, 234 Conn. 597 (1995); Suarez v.Sordo, 43 Conn. App. 756 (1996). Lodge deals with the issue of duty, while the other three turn on the question of proximate cause. None of the four were decided on motions for summary judgment but rather each was fully tried to a jury. While in Doev. Manheimer the trial court set aside the jury's verdict, this was done only after a complete factual record was developed at trial.
Our law in Connecticut is that the issue of proximate cause, and by analogy duty, s ordinarily a question of fact for the trier. Doe v. Manheimer, supra, 212 Conn. 756; Tetro v.Stratford, 189 Conn. 601, 605 (1983). Conclusions of proximate cause are to be drawn by the jury and not by the court. Doe v.Manheimer, supra, 212 Conn. 757; Fox v. Mason, 189 Conn. 484, 489
(1983). It becomes a conclusion of law only when the mind of a fair and reasonable person could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact. Trzcinski v. Richey,190 Conn. 285, 295 (1983).
In this case based on the present record, there is room for reasonable disagreement as to whether violent criminal activity was a foreseeable result of the inadequate lighting on the back porch of 106 Medford Street given the general character of the area. Stated another way, there is room for reasonable disagreement as to whether this case is closer to Stewart v.Federated Department Stores (where the lack of lighting and security were held to be a proximate cause of the plaintiff's injury) or Doe v. Manheimer (where the overgrown vegetation on plaintiff's property was held not be a proximate cause of the CT Page 3337 plaintiff's injury). Since there exist genuine issues of material fact on the questions of causation and duty, summary judgment is inappropriate.
For reasons set forth above, the motion for summary judgment is denied.
So ordered at New Haven, Connecticut this 12th day of March 1999.
Devlin, J.