MERWIN *against* WARD *and another.*

</div>

Though where a party has in his possession a deed or other instrument neces-sary to support his title, and he refuses to produce it, and attempts to make out his title, by other evidence, such refusal raises a strong presumption that the legitimate evidence would operate against him ; yet this rule is not applicable to such documents as he has no right to give in evidence, without the consent of the adverse party ; the only effect of the refusal, in such case, being to authorize the adverse party to give secondary evidence of the contents of the documents withheld.

This was an action of trover for 1250 dozen of whips and whip-stocks.

The cause was tried at *Hartford, December* adjourned term, 1842, before *Storrs,* J.

It was admitted, on the trial, that the defendants took the property described in the declaration, and disposed of it, by virtue of legal process in their favour against *Tilton E. Alvord* ; and that this property was a part of a larger quantity of whips and stocks, which were manufactured, about the same time, in *Westfield, Mass.*

The defendant claimed to have proved, that the whips and stocks in question had been bought and manufactured, by *Alvord*, at his own expense, and had been paid for by him, such payment being in part made by orders drawn by him on the plaintiff, payable in goods from his store ; that the plaintiff kept but one set of books, in which he entered his ordinary business transactions, and this with *Alvord* among the rest ; and that during the whole period of the transaction, the plaintiff had clerks in his store, by whom the accuracy of the entries could be proved.

The plaintiff denied the claims of the defendants, and claimed to have proved, that he bought the whip-stocks in their rough state ; employed *Alvord* and others to manufacture them ; and paid for them, and for all the materials and labour put upon them, in cash, or by orders on his, the plaintiff's, store.

After this evidence had been adduced, the defendants' counsel called on the plaintiff's counsel to produce said books ; but the plaintiff's counsel did not produce them, stating, that neither they, nor the plaintiff, had been notified, that they would be wanted, or required by the defendants, to be produced on the trial. The defendants claimed, that due notice had been given to the plaintiff to produce them. The court decided, that the evidence proved, that reasonable and sufficient notice had been given to produce them ; and that not being produced, secondary evidence of their contents was admissible ; but no secondary evidence was offered by the defendants.

The defendants claimed, and so requested the court to instruct the jury, that the books of the plaintiff were evidence in favour of the plaintiff, and might have been introduced by him as such, on the trial; and his neglect so to do, was a fact, from which the jury were either in law bound to presume that they contained entries adverse to the plaintiff's claim, or if not bound in law so to presume, yet that the withholding of the books would justify such a presumption, if the jury saw

fit to make it; and if the books were not evidence without notice from the defendants to produce them, yet that such notice being given, and the books being withheld, the presumption against the plaintiff was the same as above mentioned.

The court declined to instruct the jury as requested by the defendants; but on this subject, after stating the claim of the defendants, said to them, that although there might be cases where, for certain purposes, the books of a party might be used by him as evidence, this case was not presented in such a manner that it was practicable for the court to determine whether, or how far, said books of the plaintiff were, or might be, evidence in his favour; that notice having been given to him to produce them, on the trial, and he having neglected to do so, it was competent for the defendants to prove their contents, by other evidence; or if it was not in their power to do so, that they could compel a disclosure by the plaintiff of the contents; and therefore, the court declined to instruct them, that the non-production of said books, under the circumstances of the case, created a presumption against the plaintiff, as claimed by the defendants.

The jury returned a verdict in favour of the plaintiff; and the defendants moved for a new trial, on the ground that the court erred in not charging the jury as requested by them.

*T. C. Perkins* and *H. Perkins*, in support of the motion, contended, That a strong presumption arises against a party refusing to produce books or papers, under circumstances like those in this case. *Sw. Ev.* 82. *Jackson* d. *Neilson &* ux. v. *McVey &* al. 18 *Johns. Rep.* 330. *Roe* d. *Haldane &* al. v. *Harvey,* 4 *Burr.* 2484. *Life & Fire Insurance Co.* v. *Mechanic Fire Insurance Co. of New-York,* 7 *Wend.* 31.

*Toucey,* contra, was stopped by the court.

WAITE, J. The only question arising upon this motion, which we are now called upon to consider, is, whether the judge on the circuit erred in omitting to instruct the jury, that the plaintiff's neglect to produce his books in evidence, raised a presumption that they contained entries adverse to his claim.

Where a party has in his possession a deed or other instrument, necessary to support his title, and he refuses to produce

*Hartford,*
*June, 1843.*

Merwin
*v.*
Ward.

it, and attempts to make out his title, by other evidence, such refusal raises a strong presumption that the legitimate evidence would operate against him. *Roe* d. *Haldane* & al. v. *Harvey,* 4 *Burr.* 2484.

But this rule does not apply to such documents as a party has no right to give in evidence, without the consent of the adverse party.

In this case, the action was trover. The plaintiff's books were not legal evidence in support of his title. Had he produced them, in compliance with the notice, he could not have read them to the jury, without the defendants' permission. He was, therefore, under no obligation to produce books, which the defendants might, or might not, give in evidence at their pleasure.

His refusal to produce them, gave the defendants a right to give secondary evidence of their contents, and nothing more. That right was conceded on the trial;—but such secondary evidence was not given. In this respect, there is no cause for complaint, and none is made.

The question is, not what inference the jury might have drawn from the books, had they been produced; or from the secondary evidence of the defendants, had it been given; but whether, in the absence of all such evidence, they were in law bound to raise a presumption against the plaintiff. A presumption of what? That the books contained entries shewing that the plaintiff had no title? It is difficult to conceive what else they could presume against him. This surely would be going too far. *Cooper* & al. v. *Gibbons,* 3 *Campb.* 364. *Life & Fire Insurance Co.* v. *Mechanics Fire Insurance Co.* 7 *Wend.* 31.

We are satisfied, that upon authority, as well as upon principle, the instruction given by the court below was right; and consequently, that there should be no new trial.

In this opinion the other Judges concurred.

New trial not to be granted.