ALBION B. WILSON, TRUSTEE, *vs.* HENRY O. GRISWOLD.

First Judicial District, Hartford, March Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Creditors of an insolvent debtor can often set aside transfers or conveyances of property made by him which he himself could not have avoided; and inasmuch as a trustee in insolvency represents creditors, he also has ordinarily greater rights in this respect than the debtor to whose estate he succeeds.

The parties were at issue as to whether W, an insolvent debtor, owned the live stock and farm produce claimed by the plaintiff as a part of W's estate. The defendant contended that the evidence showed that W was in possession of all the property under a lease from

him.   It appeared that some of it had never belonged to the defendant, and so could not have been leased by him.   *Held* that under these circumstances the remark by the trial court, that it " made no difference at all whether the defendant owned the property or not," was misleading, although the defendant's title was not put in issue by the pleadings.

The evidence in support of *W's* title reviewed and *held* to have afforded such prima facie proof thereof as entitled the plaintiff to a verdict.

The trial court allowed the jury to determine whether, from the " usual custom " in farm leases, the lease in question did not terminate about the first of March or April.   *Held* that in the absence of any evidence of such a custom, this instruction was erroneous; and, moreover, that the defendant was not entitled to invoke the aid of such a custom, since he alone had possession of the lease and had apparently declined either to produce it in evidence or permit its inspection by the plaintiff.

In the absence of any provision in a lease respecting the removal of hay and ensilage raised on the farm, the tenant's right to remove them depends upon whether or not such removal is consistent with the cultivation of the farm in a husbandlike manner, according to the reasonable custom of the country; and this is a question for the jury.

Where a party refuses, without sufficient reason, to produce written evidence in his possession, the trier is at liberty to infer that its provisions are not favorable to such party's contention.

Argued March 7th—decided April 17th, 1906.

ACTION in the nature of trover for live stock and farm produce, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict and judgment for the defendant, and appeal by the plaintiff for alleged errors in the charge of the court.   *Error and new trial granted.*

*Ralph O. Wells*, for the appellant (plaintiff).

*Herbert O. Bowers*, for the appellee (defendant).

HALL, J.   It appears that upon the trial of this case to the jury the plaintiff offered evidence to prove these facts:—

Shortly prior to February 7th, 1905, one George L. Wheeler, who had occupied a farm in West Hartford under

a lease from the defendant, became insolvent and abandoned the farm and went to parts unknown. On said 7th of February the defendant, to whom said Wheeler was indebted, brought an action against him and caused to be attached as the property of said Wheeler certain personal property, including one pair of horses, twelve cows, one hundred and twenty-five bushels of oats, one ton of hay, and about eighteen tons of ensilage; some of these formed a portion of the property claimed by the plaintiff in this action, and all of them were in the possession and use of Wheeler upon said farm. After said attachment by the defendant, other attachments were placed upon said property by other creditors of said Wheeler.

In March, 1905, the plaintiff was by the Court of Probate duly appointed trustee in insolvency of the estate of said Wheeler, and upon his demand the officers having said goods under attachment delivered them to the plaintiff, who left them in the custody of the defendant. Upon demand afterward made by the plaintiff, the defendant refused to deliver to him the property described in the complaint, to wit: nineteen cows, three yearlings, two sows, one hundred and twenty hens, thirteen tons of ensilage, twelve tons of hay, all alleged to be of the value of $885, claiming that said described property belonged to him, the defendant, and also refused to show to the plaintiff, when requested so to do, the lease from the defendant to said Wheeler. Four or five of the cattle described in the complaint had been received by Wheeler from the defendant, at the time Wheeler hired the farm, but a large majority of them were afterward acquired by Wheeler by barter or purchase. Wheeler traded considerably in cattle, and dealt with the cattle on the farm as if they were his own.

The finding states that no written lease was offered in evidence, and that there was no evidence given of the terms of any written or oral lease, but that the jury were not entirely without evidence of the existence of the relation of landlord and tenant between Wheeler and the defendant at the time Wheeler absconded, "and that that relation ex-

tended not only to the farm but also to cattle and other personal property used to stock the farm."

The plaintiff having rested his case the defendant offered no evidence.

The statement of the court in charging the jury, to the effect that the trustee in insolvency could have no better right to this property as against the defendant than Wheeler would have had, though perhaps not injurious to the plaintiff, was incorrect. Neither under a voluntary assignment, nor in involuntary insolvency, is the power of a trustee to take or recover, as a part of the insolvent estate, property held or claimed by others, always limited to the power of the debtor over such property. Generally such trustee may enforce against the property all the rights which the creditors whom he represents could have enforced by attachment. *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 365, 41 Atl. 1054; *Curtis* v. *Lewis*, 74 Conn. 367, 370, 50 Atl. 878. The plaintiff trustee could attack any sale, by Wheeler to the defendant, of any of the goods in question which had been suffered to remain in Wheeler's possession. *Gaylor* v. *Harding*, 37 Conn. 508, 518. He could also take advantage of any such conduct of the defendant, in permitting Wheeler to deal with the property in question as his own, as would estop the defendant from claiming title to such property against any of Wheeler's creditors; *Calhoun* v. *Richardson*, 30 Conn. 210, and note, p. 229; although it was not within the power of Wheeler either to attack such a sale or claim such estoppel.

The remark of the court to the jury, that it made "no difference at all whether Mr. Griswold (the defendant) owned this property or not," was misleading. Although the defendant's title was not put in issue by the pleadings, his claim was that the evidence showed that Wheeler was in possession of all the personal property in question under a lease from the defendant. In view of this claim, and of the absence of any claim of title in any other person than the plaintiff and the defendant, the fact that some of the property in question, which had been in the possession of

Wheeler on the farm, never belonged to Griswold and so could not have been leased by him, was an important one.

The court failed to properly charge the jury upon the question of the effect of the evidence presented by the plaintiff in proof of Wheeler's title to the goods in question. If, as the record indicates, the plaintiff offered proper evidence to show that Wheeler was in possession of this personal property; that, while in the possession of it, he used it and dealt with it as his own; that the defendant caused it, or a large part of it, to be attached, as the property of Wheeler; and if there was no evidence of the terms of the lease of the farm to Wheeler, and no claim by the defendant that he was unable to produce the lease or prove its terms, and no explanation was offered by the defendant of the facts so proved, —the court should have charged the jury that proof of these facts was, under the circumstances, such prima facie proof of title in Wheeler as entitled the plaintiff to a verdict. Under these circumstances the fact that the defendant offered no evidence explaining his attachment of these goods as the property of Wheeler, and neither produced the lease nor offered evidence of its terms, justified the inference that the production of such evidence would not aid his case.

The court left it to the jury to determine whether, from a "usual custom" in farm leases, the lease from the defendant to Wheeler did not terminate about the first of March or April, and whether, if it did, Wheeler might not have had an attachable interest in these goods in February, when the defendant attached them, which he did not have after the lease terminated.

It does not appear that there was any evidence of any such custom; and furthermore, if it appeared that the defendant alone possessed the evidence showing when the lease terminated, and that the rights of Wheeler were under it, and that he, without sufficient reason, failed to produce such evidence, he was not entitled to invoke the aid of such usual custom, and the jury should not have been instructed that they might find for his benefit when such a lease terminated by usual custom.

The court charged the jury that good husbandry required "that the crops raised upon the farm, the hay raised upon the farm and other like crops, should be fed out upon the farm," unless there was some agreement to the contrary.

If there was no provision in the lease as to the right of Wheeler to remove the hay and ensilage claimed by the plaintiff, his right to remove them depended upon whether or not such removal was consistent with the cultivation of the farm in a husbandlike manner, according to the reasonable custom of the country, and this was a question for the jury. *Wing* v. *Gray*, 36 Vt. 261, 266; 1 Taylor on L. & T. § 421. If the plaintiff was unable to prove whether or not the lease contained provisions concerning the right of the tenant to remove the hay and ensilage in question, or, if it contained such provisions, what they were, and the defendant, without sufficient reason, refused to produce the evidence in his possession concerning such provisions in the lease, the jury were at liberty to infer that the provisions of the lease as to the tenant's right to remove the goods in question were not favorable to the defendant.

There is error and a new trial is granted.

In this opinion the other judges concurred.