CHARLES LAFFIN *v.* NICHOLAS APALUCCI ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 4—decided March 6, 1942.

*William B. Hennessy,* with whom was *John F. Tobin,* for the appellants (defendants).

*Andrew D. Dawson,* for the appellee (plaintiff).

ELLS, J. The plaintiff alleged in his complaint that he was the victim of an unprovoked assault committed by the defendant Sacco, a bartender in a restaurant and grill operated by the defendants Apalucci and Lucian; that the assault was made in an attempt by Sacco to collect for drinks served to the plaintiff, and that Sacco was at the time of the assault the servant and agent of the proprietors, acting within the scope of the employment. The defendants' answer was a denial and a special defense that the plaintiff assaulted Sacco, who in self-defense necessarily beat the plaintiff slightly, doing him no unnecessary harm.

The plaintiff's claims of proof, as contained in the finding, are these: He entered the grill and asked Apalucci to serve drinks to be paid for later in the evening; Apalucci assented and served the drinks; Sacco, who had just come on duty, called the plaintiff names and stated that he would make him pay for the liquor. One of these threats was made in the presence of Apalucci, who soon left the premises, and neither he nor Lucian was present when ensuing events occurred. The plaintiff consumed his drink, and went to a toilet located in the barroom. As he emerged, Sacco struck him and broke his nose. Sacco was then in charge of the premises, was engaged in his employers' business, and was acting as their agent within the scope of the employment. The defendants' claims were that Apalucci left as the plaintiff entered, and did not talk to him, or serve drinks to him. The plaintiff was drunk and abusive, and asked Sacco to serve liquor. Sacco refused and walked into a separate room used as a restaurant. The plaintiff followed, seized him and struck him. Sacco, endeavoring to free himself, and in the process of the scuffle, struck the plaintiff, using no more force than seemed reasonably necessary. The jury returned a verdict for the plaintiff against all the

defendants. They appealed, alleging error in the charge.

The defendants complain because the trial court, after briefly stating the correct principle of law in the language contained in *Son* v. *Hartford Ice Cream Co.,* 102 Conn. 696, 699, 129 Atl. 778, as to the liability of a master for the tort of his servant, proceeded to state: "I think it is claimed by the plaintiff and I think conceded by the defendants that at all times during the course of events that evening, Sacco was acting in the interests of his employers, and within the scope of his employment and, therefore, in this case all of the defendants are liable, or none of them are liable, according as you find the facts." The defendants contend it was not conceded that Sacco was acting "within the scope of his authority," and that this question was an important issue in the case as tried. There is nothing in the record to show that the trial court was in error in the statement it made. The evidence is not before us. The finding shows that the plaintiff claimed Sacco was acting within the scope of his employment. The defendants' claims of proof do not indicate that they claimed the contrary, and it fairly appears that their principal claim was self-defense. They made no request to charge on the question of agency. It is of some significance that they made no objection and offered no correction or suggestion when the court stated it understood the defendants conceded that Sacco was acting within the scope of his employment. In order to furnish a basis for this claim of error, it would be necessary to get into the record the fact that the question was actually contested. This could have been accomplished by proceedings to correct the record. We cannot find error under this claim.

The defendants raise no question as to the correctness of the charge concerning self-defense, but contend

that in applying the law to the claims of the parties the court misled the jury. Reading the charge in its entirety, there was no reversible error on this point.

The plaintiff claimed the assault took place in the barroom; the defendants contended it occurred in the restaurant, a separate room connected with the other by an archway. In the last paragraph of the charge the trial court attempted to "boil down" the issues, and told the jury, in effect, that their decision as to where the affair took place would be decisive, and said: "Where did the assault take place? In the barroom, or out in the restaurant? Obviously, if it took place in the barroom, then the testimony of these witnesses who claimed the assault was in the restaurant, is not true. If, however, the affair took place in the restaurant, then obviously Laffin's statement given here, that the events he claimed occurred in the barroom, was not true; and it seems to me it boils right down to that. If it occurred in the barroom, as Laffin claims, he is entitled to recover. If it occurred out in the restaurant, it doesn't appear to the Court that he would be entitled to recover, because the events as described out there would seem to the Court—although you are not controlled by this—would seem to the Court, however, to present a picture of reasonable self-defense. As I said, however, in this connection, I am not attempting to tell you what to do. You are not to be bound by what I say, but I am attempting only to help you, so that it will be clear and sensible for you to deal with it." The right of the trial court to comment upon the evidence, and to give his view of its weight, is well established in this state, but such comment must be reasonable and fair. *Schiesel* v. *Poli Realty Co.,* 108 Conn. 115, 124, 142 Atl. 812. As is there stated, the court should discuss the facts in evidence in such a way as to enable the jury to understand the real issues

of the case. Here, the real issues were an assault without justifiable excuse, or one committed in self-defense. To make these issues depend upon the location of the assault went too far. The charge on this point was an application by the court of the doctrine of falsus in uno, falsum in omnibus. It was for the jury to determine whether or not the principle applied. The assault could have been unjustified, or in self-defense, in either room. The fact that one or the other party lied, or was mistaken, as to which room it occurred in was not necessarily decisive. The jury was entitled, if it chose, to disbelieve the witness as to the location of the fracas, but to believe him concerning its nature, and vice versa.

The erroneous instruction was at the very end of the charge. The relatively greater effect of final instructions has been repeatedly noticed by us. *State* v. *Gallivan*, 75 Conn. 326, 333, 53 Atl. 731; *Budovsky* v. *Hadhazi*, 95 Conn. 388, 398, 111 Atl. 179. The court attempted to tell the jury that they were free to arrive at their own decision upon the issues of fact, but its statement was not sufficiently comprehensive. The harm was done when the court stated flatly: "If it occurred in the barroom, as Laffin claims, he is entitled to recover." We are constrained to hold that there is reversible error.

There is error, the judgment is set aside, and a new trial is ordered.

In this opinion the other judges concurred.