VIOLA B. ANGIER, EXECUTRIX (ESTATE OF ROSWELL P. ANGIER II), ET AL. *v.* JOHN BARTON [CHARLES TACKMAN, JR., ET AL., EXECUTORS, SUBSTITUTED DEFENDANTS]

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, JS.

Argued November 3—decided December 29, 1970

*John W. Barclay,* with whom, on the brief, was *William M. Mack,* for the appellant (plaintiff).

*James F. Kenney,* with whom, on the brief, was *James P. White, Jr.,* for the appellees (defendants).

THIM, J.  By a substituted complaint the plaintiff Viola B. Angier, a resident of Hartford, brought a wrongful death action, seeking to recover damages for the death of her husband, Roswell P. Angier II, in consequence of an explosion of firecrackers, alleged to have been caused by the wilful, wanton, and reckless conduct of John Barton in the state of Arizona.[1]  John Barton died prior to the trial and counsel stipulated in argument that his executors

[1] The plaintiff was entitled to bring this action by virtue of §§ 12-611, 12-612 and 12-613 of the Arizona Revised Statutes (1956).

were substituted as defendants. Ann Sprague Barton, the widow of John Barton, was, by order of the court, joined as a party defendant. The defendants, after denying the allegations of wilful, wanton and reckless conduct, alleged, by way of a special defense, that Angier was negligent in several respects and that one or more of his own negligent acts were the proximate cause of his death.

The record in this case is in considerable disorder. While this action was initially brought against John Barton, the record indicates neither his death nor the substitution of the parties defendant. In addition, although John Barton's widow was made a party defendant, she is nowhere mentioned in the substituted complaint, as ordered by the court, and in the verdict form only Barton's executors are named. Counsel stipulated in argument that Barton's widow was dropped as a party defendant. Still further, Viola B. Angier brought this action in her individual capacity and as executrix of the estate of Roswell P. Angier II. There are thus, in actuality, two plaintiffs. Paragraph 8 of the complaint, however, notes only that "[p]laintiff is the widow of said decedent." The remainder of the complaint also speaks in terms of one plaintiff. Finally, the verdict form lists Viola B. Angier in her individual capacity.

In order to reduce the confusion created by the record, we will treat the parties in the same manner as did counsel. Thus we will refer to "the plaintiff", meaning Viola B. Angier, the widow of Roswell P. Angier II, in her individual capacity. Likewise, we will refer to "the defendants" meaning the executors of the estate of John Barton.

The case was tried to a jury and a verdict was returned in favor of the defendants. The plaintiff filed a motion to set aside the verdict. The motion

was denied. The plaintiff has appealed, claiming error in the denial of her motion to set aside the verdict and in the charge to the jury. The appeal is defective in form because it is taken from the denial of the motion to set aside the verdict rather than from the final judgment. *Teitelman* v. *Bloomstein,* 155 Conn. 653, 655, 236 A.2d 900. The defendants, however, by failing to move to dismiss the appeal have waived the defect. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Van Detti* v. *Parsons Bros., Inc.,* 146 Conn. 282, 283, 150 A.2d 200.

The plaintiff offered evidence to prove the following facts: On May 29, 1966, the late John Barton of Stamford, Connecticut, purchased a quantity of firecrackers in Mexico, and on the same day he transported them into this country in violation of § 836 of title 18 of the United States Code. Further, Barton possessed the firecrackers in Arizona in violation of § 36-1602 of the Arizona Revised Statutes (1956). The plaintiff claimed that by failing to remove the firecrackers from his automobile, a station wagon, Barton had wilfully and recklessly abandoned them. On July 3, 1966, the firecrackers were in a terra cotta flowerpot resting on the mantelpiece in the dining room of Barton's home on East Rudasill Road in Tucson. While the plaintiff's husband was one of a group of persons present at the Barton home on July 3, 1966, the firecrackers exploded, resulting in injuries to him. Later the same evening he died from those injuries.

The defendants offered evidence to prove the following: After purchasing the firecrackers in Mexico, Barton placed them in his station wagon and, accompanied by his son, Benjamin, drove back to Tucson. Thereafter, on June 2, 1966, John Barton returned by airplane to his other home in Stamford.

While John Barton was in Tucson he was the only person to use the station wagon. While he was not in Tucson, Barbara Angier, a sister-in-law of the plaintiff's decedent, had the care, control and custody of the station wagon. It was kept in a garage at her home on North Silverbell Street in Tucson where she lived with her husband, Philip H. Angier, a brother of the plaintiff's decedent. Philip and Barbara used the station wagon for their own purposes.

While Philip, accompanied by his brother James Angier, was using the station wagon in Tucson on June 24, 1966, one of its tires became flat. They stopped at a service station to have the spare tire placed on the station wagon. When the service station attendant removed the spare tire the firecrackers were discovered in the bottom of the tire well. Upon returning to Philip's home on North Silverbell Street, James took the firecrackers into the Angier residence and placed them in a flowerpot. The firecrackers remained at the Angier residence until July 3, 1966. On that date, at approximately 3:30 p.m., Barbara and Philip Angier took the firecrackers from their home to the Barton residence on East Rudasill Road for the purpose of setting them off as part of a Fourth of July social gathering which they were hosting. John Barton's home was then being occupied by his son, John, Jr., and family. Barbara Angier placed the flowerpot containing the firecrackers on the fireplace mantel in the dining room of the Barton home. The plaintiff's decedent was present, and knew of the presence of the firecrackers and their proposed use.

The plaintiff's decedent had been chain-smoking cigarettes at the gathering. During the course of the evening he went into the dining room to obtain some

food. Within a short period of time the firecrackers exploded while the flowerpot was in his hands. The firecrackers could have only been activated by igniting their fuses. John Barton was not in Tucson at any time from June 2, 1966, until after July 3, 1966.

The only error pursued on appeal concerns the charge on contributory negligence. However, the defendants' answer raised two defenses: that John Barton's conduct was not the proximate cause of the plaintiff's decedent's death, and, by way of a special defense, that the plaintiff's decedent was contributorily negligent. In their argument to the jury the defendants conceded that John Barton violated the federal and state statutes as claimed by the plaintiff and that those violations constituted negligence per se. They denied, however, that the admitted negligence was the proximate cause of Angier's death. The issues, therefore, before the jury were (1) was John Barton's admitted negligence a proximate cause of Angier's death, and (2) if it was, did Angier's own negligence contribute to his death. Either a negative conclusion by the jury as to (1), or an affirmative conclusion as to (2) would warrant a defendant's verdict.

"It is elementary that, in a negligence case, a causal relation between a defendant's wrongful conduct and a plaintiff's injury must be established in order for the plaintiff to recover damages." *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 27, 266 A.2d 370. That causal relationship is generally referred to as "proximate cause." In the present case the defendants admitted that, by bringing the firecrackers into Arizona, John Barton's conduct was wrongful. They claimed, however, in essence, that Angier's death was caused by an intervening cause, and that the intervening cause, the various actions

of James, Barbara, and Philip Angier in removing the firecrackers from the station wagon, in taking them to the Barton home, and in attempting to make use of them, independently set in motion the events which caused Roswell Angier's death.

" 'The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the proximate cause' ". *Frontis* v. *Milwaukee Ins. Co.*, 156 Conn. 492, 499, 242 A.2d 749. In the defendants' view of the events involved in this case, John Barton's acts of obtaining the firecrackers, bringing them to Tucson, and leaving them hidden in his station wagon, were not likely to injure anyone, at least not in the manner which eventually transpired. According to their view, only the intervention of other forces could have caused the incident which did occur. Stated differently, John Barton's negligence had come to rest and it took the actions of others to produce the circumstances which caused the death of the plaintiff's decedent.

The validity of the defendants' claim that there was such an intervening cause and thus that John Barton's negligence was not a proximate cause of Angier's death presented a question for the jury. It is clear that the evidence did raise the issue, and the facts of this case are such that the jury could reasonably have found that John Barton's negligent acts were not the proximate cause of Roswell Angier's death. Contributory negligence thus need not have been the basis for the jury's verdict for the defendants. The court's charge included instructions on the principle of proximate cause and the plaintiff took no exception to that portion of the charge. The verdict was a general one and since

there was evidence sufficient to support it, the court was not in error in refusing to set it aside. *Kopjanski* v. *Festa,* 160 Conn. 61, 66, 273 A.2d 692; *Bernard* v. *Ribner,* 151 Conn. 670, 672, 673, 201 A.2d 658. Since the verdict in the instant case can properly rest on a finding of no proximate cause, even were the charge on contributory negligence improper, any error in the charge on contributory negligence would not require reversal.

The plaintiff seeks to avoid the curative effect of the general verdict by claiming that the mere violation of the statutes was the proximate cause of the death of the plaintiff's husband. Neither the authorities cited by her, nor our research, support that claim.

The attack on the charge on contributory negligence was that Arizona law governed. Where another jurisdiction's law is applicable, it is the duty of counsel to supply the court with a clear understanding of that foreign law. See *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 474, 475, 208 A.2d 341. In the instant case the information supplied by counsel concerning Arizona law appeared to confuse, rather than to clarify, the issue. In such a situation the foreign law need not be judicially noticed. Id., 475.

There is no error.

In this opinion the other judges concurred.