AMERICO DeMICHELE *v.* DYCKMAN VERMILYE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 4, 1975—decision released February 3, 1976

*William F. Gallagher,* with whom, on the brief, was *Albert R. Annunziata,* for the appellant (plaintiff).

*Joseph T. Sweeney,* for the appellee (defendant).

PER CURIAM. The plaintiff, Americo DeMichele, brought a negligence action seeking damages for personal injuries and for damages to his automobile resulting from a collision on the Merritt Parkway, a public highway. The jury returned a verdict for the defendant, Dyckman Vermilye. The plaintiff has appealed from the judgment rendered thereon. The question on appeal is whether the trial court erred by giving an improper supplemental charge to the jury.

On August 23, 1970, the plaintiff was traveling in his automobile on the Merritt Parkway. After pulling off the road and stopping for a short time, he proceeded out to the shoulder of the road and into the right lane of the highway while signaling with his left-turn indicator. The defendant, approaching the plaintiff's car from behind, thought the plaintiff was crossing the highway to go through an opening in the median separating the northbound lanes from the southbound lanes. The defendant applied his brakes, causing his car to slide into the side of the plaintiff's car.

The plaintiff, in his complaint, alleged, among other things, that the defendant had violated General Statutes § 14-232, which provides in part that "the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of the overtaken vehicle." As part of the charge, the court instructed the jury concerning § 14-232 but did not read the statute verbatim. During the jury's deliberations, they requested a copy of § 14-232. The court told them that it would not give them a copy of the statute but that it would read them the relevant part of the statute. The plaintiff took no exception when the charge and the supplemental charge on § 14-232 were given. Shortly thereafter, but after the jury had notified the court that they had reached a verdict, the plaintiff took exception to the supplemental charge because "by just reading a statement without applying the underlying facts under which this statute could apply could lead to great speculation by the jury."

The jury's request was not for further instructions regarding the statute; rather, the request was simply for a copy of the statute. In this context, the court's remarks about § 14-232 did not require all the formality of a recharge. *DePaola* v. *Seamour,* 163 Conn. 246, 253, 303 A.2d 737. "The basic charge and the supplemental instructions are to be read and considered as a whole. *State* v. *Johnson,* 139 Conn. 89, 93, 90 A.2d 905." *Hanken* v. *Buckley Bros., Inc.,* 159 Conn. 438, 442, 270 A.2d 556. Further, Practice Book § 249 requires an exception to be taken "immediately after the charge is delivered." The court had recessed and it was not informed of the plaintiff's intent to take an exception until after the jury had indicated it had reached a verdict.

There is no error.