ZOFIA MACIEJEWSKA ET AL. *v.* LOMBARD BROTHERS, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

*(One judge dissenting)*

Argued February 10—decision released May 4, 1976

*Zbigniew S. Rozbicki,* with whom was *Jonathon L. Ensign,* for the appellants (plaintiffs).

*Charles W. Page,* with whom was *Raymond B. Green,* for the appellees (defendants).

BARBER, J. The plaintiffs, husband and wife, brought this action to recover damages sustained when an automobile operated by Zofia Maciejewska and owned by her husband collided with a truck owned by the named defendant and driven by its employee, the defendant Albert Stevenson. In their complaint, the plaintiffs alleged that the accident was caused by Stevenson's negligence, and the defendants pleaded contributory negligence on the part of the named plaintiff as a special defense. Following a trial, the jury returned a general verdict in the defendants' favor, and the plaintiffs have appealed from the trial court's denial of their motions to set aside the verdict and for a new trial.[1] Error is claimed in the charge to the jury, in the supplemental charge, in the failure to charge in accordance with the plaintiffs' request, and in several rulings on the admissibility of evidence.

When error is claimed in a ruling on evidence, our rules of appellate procedure require that the appellant's brief include the question or questions involved; the objection and the grounds on which it is based; the answer, if any; and the ruling and any exceptions taken. Practice Book § 631A. Although no finding is now required in jury cases; Practice Book § 629A; it is impossible to review

---

[1] Although the appeal is defective in form because it is taken from the decision of the court on the motions to set aside the verdict and for a new trial rather than from the final judgment, the defendants, by failing to move to dismiss the appeal, have waived the defect. General Statutes § 52-263; Practice Book § 600; *Angier* v. *Barton,* 160 Conn. 204, 207, 276 A.2d 782; *Teitelman* v. *Bloomstein,* 155 Conn. 653, 655, 236 A.2d 900; *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 73–74, 111 A.2d 547; Maltbie, Conn. App. Proc. § 183. The reference to the motion for a new trial is superfluous and may be disregarded. *Nuzzo* v. *Connecticut Steel Co.,* 147 Conn. 398, 399, 161 A.2d 791.

claims of error addressed to rulings on evidence without the inclusion of the required particulars in the appellant's brief. *Katsetos* v. *Nolan,* 170 Conn. 637, 650, 368 A.2d 172. The plaintiffs have not followed our rules with regard to their claims of error in rulings on the evidence. We shall, therefore, limit our consideration to the claims of error addressed to the charge, which the plaintiffs have properly included in their brief.

Claims of error in the charge are tested by the pleadings and the evidence relative to the claimed error as presented in narrative form in the briefs of the parties with appropriate reference to pages of the transcript. *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 250, 365 A.2d 1153; *Galligan* v. *Blais,* 170 Conn. 73, 74, 364 A.2d 164. The pleadings admit that on February 1, 1969, the automobile driven by Mrs. Maciejewska and the truck driven by Stevenson were both proceeding in a southerly direction on the Berlin Turnpike, also known as route 15, in the town of Wethersfield. The automobile was in the right-hand, southbound lane, the truck in the left-hand, southbound lane. It is not disputed that at the point where the collision occurred the Berlin Turnpike is a divided highway with two southbound lanes. The plaintiffs offered evidence to prove that as the truck was passing the Maciejewska automobile, the truck sideswiped the automobile and struck it from behind. The defendants offered evidence to prove that Mrs. Maciejewska lost control of her automobile while being passed by the truck and that her automobile swerved across the white line dividing the left and right southbound lanes and struck the right rear tire of the tractor portion of the truck with its left front bumper. The defend-

ants' evidence was that the truck had been in the left lane at the point of collision and had not crossed the white line dividing the left and right lanes.

The plaintiffs alleged in their complaint that Stevenson had violated § 14-230 of the General Statutes by failing to drive the truck upon the right of the highway and they filed a request to charge on that statute. Section 14-230 reads, in pertinent part, as follows: "Upon all highways, each vehicle shall be driven upon the right, except . . . (4) on a highway divided into three or more marked lanes for traffic." Instead of charging the jury on § 14-230, the court read § 14-230a, which pertains to limited access highways and was of no relevance to the case. The plaintiffs, however, did not take exception to this portion of the charge. After some four hours of deliberation, the jury made the following request: "We would like clarification . . . [of that portion of the complaint] which states trucker failed to drive truck upon the right on said highway, Motor Vehicle Law 14-230." The court thereupon read to the jury § 14-230 (the statute which the plaintiffs had requested in the first place), stated that § 14-230 had no application to the facts of the case since the Berlin Turnpike had more than three "marked lanes for traffic," and commented further as follows: "[T]his section probably should never have been put into this case, and as you recall as I told you, there are certain specifications that have no application to this case, on the facts of this case, and, perhaps, I ought to add at this point the issue is a simple one in this case really. It is a question of who crossed that white line and hit the other. It is as simple as all that. If you make up your mind that the truck went into the right lane and struck her, then that is it. If you make up your mind that

she went in the left lane and struck the truck, then that is it. Now, it is not a difficult problem. I am sorry to be saying it this way, but that is the real nub of the case. They are both driving along, both are driving legally on a highway, as I recall the evidence, and again you are not bound by my recollection . . . ."

The plaintiffs took exception to the supplemental charge on the ground that § 14-230 was applicable to the facts of the case. This exception merits little discussion. The Berlin Turnpike has two lanes for southbound traffic and two lanes for northbound traffic, and therefore clearly falls within the exception for highways with "three or more marked lanes for traffic." The court did not err in instructing the jury that § 14-230 does not apply to vehicles traveling on the Berlin Turnpike.

It does not appear from the plaintiffs' brief that an exception was taken to the court's comments on the simplicity of the issues. Our practice now requires that any relevant exception to the charge be printed in the appellant's brief. Practice Book § 631A. Only because they are related to the withdrawal of § 14-230, and are printed in the plaintiffs' brief, do we indulge in a short discussion of those comments. Taken out of context, the court's comments on crossing the white line do appear to oversimplify the issues before the jury. Supplemental jury instructions, however, are generally less formal and exact than the basic charge; *DePaola* v. *Seamour,* 163 Conn. 246, 253, 303 A.2d 737; and in determining whether such instructions are misleading, they must be read and considered as a whole with the basic charge. *DeMichele* v. *Vermilye,* 170 Conn. 184, 186, 365 A.2d 1062. When placed in

context, the court's comments only reiterate its basic charge on § 14-236 and on the necessity of proving the element of causation. Section 14-236 (alleged in the complaint and supported by a request to charge) directs that on a highway divided into two or more lanes a vehicle "shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety." Upon the simple facts claimed by both parties, § 14-236 was the applicable "rules of the road" statute, and a finding by the jury that the defendant driver had violated that statute was essential to a verdict in the plaintiffs' favor. Clearly, the collision as described in the evidence presented would not have occurred had each vehicle remained in its proper lane. If the jury had found that the defendant driver had been negligent in one of the ways specified in the complaint, for example, by exceeding the maximum driving and on-duty times permitted by the United States motor carrier safety regulations, such a finding of negligence would not support a conclusion of liability unless the jury also found that the defendant operator's negligence had resulted in some affirmative act causing the collision. The only affirmative act on the part of the defendant driver which could have caused the vehicles to collide in the manner claimed would have been his crossing into the plaintiff driver's lane.

Instructions to the jury are not to be tested by "whether [they apply] pertinent rules of law to every ramification of facts conceivable from the evidence"; *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 721, 146 A.2d 910; but from the standpoint of their probable effect on the jury. *Gosselin*

v. *Perry,* 166 Conn. 152, 162, 348 A.2d 623. The supplemental charge, while it might have been more explicit, sufficiently instructed the jury on the nonapplicability of § 14-230. Moreover, the confusion on the supplemental instruction was induced at least in part by the plaintiffs' requests to charge and by their insistence upon the applicability of § 14-230. See *Busko* v. *DeFilippo,* 162 Conn. 462, 469, 294 A.2d 510.

The plaintiffs' remaining assignments of error involve their allegation that the defendant Stevenson had violated the United States Motor Carrier Safety Act by exceeding the maximum permissible number of on-duty and driving hours during the period immediately preceding the collision. Pursuant to § 52-178 of the General Statutes, which permits a party to compel other parties or their employees to testify, the plaintiffs called Francis Lombard, an officer of the defendant corporation, as an adverse witness. Lombard was questioned concerning the number of hours which Stevenson had been driving immediately before the accident, and the length of time necessary to travel the route which Stevenson had followed. Lombard testified that the corporation kept records of the number of hours driven by each driver each day, but that these records were handled by the company dispatcher and were routinely destroyed after one year. He also testified that the company had undertaken studies of the times necessary to cover various routes but that the results of these studies were also handled by the dispatcher. Neither party called the dispatcher as a witness, nor did the plaintiffs subpoena the time studies.

The plaintiffs have assigned error in the failure of the court to charge, in accordance with their

request, that the jury could draw an unfavorable inference from the defendants' failure to call the dispatcher as a witness, and from the defendants' failure to produce the time studies.

"The failure of a party to produce as a witness one who is available and who naturally would be produced permits the inference that such witness, if called, would have exposed facts unfavorable to the party's cause." *State v. Brown,* 169 Conn. 692, 704, 364 A.2d 186. The party seeking the benefit of the inference, however, bears the burden of proving that the witness is available. *Doran v. Wolk,* 170 Conn. 226, 229, 365 A.2d 1190; *Queen v. Gagliola,* 162 Conn. 164, 169, 292 A.2d 890. The plaintiffs offered no evidence to prove that the dispatcher was available, and, therefore, the court's refusal to charge the jury concerning missing witnesses was not error.

The failure to produce a material document, as well as a witness, may permit the jury to draw an unfavorable inference, if the required conditions are present. *Wilson v. Griswold,* 79 Conn. 18, 22, 63 A. 659; 29 Am. Jur. 2d, Evidence, § 179; see *Merwin v. Ward,* 15 Conn. 377, 379. There was no evidence produced in this case, however, to support a conclusion that the records of the dispatcher would have been *naturally produced* by the defendants, if favorable. *Secondino v. New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598. We have previously stated that naturalness of production and materiality are not the same. *State v. Brown,* supra; *State v. Brown,* 163 Conn. 52, 58, 301 A.2d 547. The defendants would not be expected to bring in such documentary evidence to support or impeach their own testimony when called by the plaintiffs for statutory

examination in the absence of a subpoena duces tecum. See 2 Wigmore, Evidence (3d Ed.) §§ 285-91. The trial court properly refused to charge concerning the failure of a party to produce documentary evidence.

The charge to the jury as a whole adequately presented the case in such a manner that it is not likely that injustice was done to either party. *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 146 A.2d 910. " '[A]n appellate court ought not to be expected to create substance out of shadows, to conjure up errors out of trifles, or to seek for judicial irregularity by microscopic processes, speculative imaginings, or refined reasoning.' [Citations omitted]." *State* v. *Johnson,* 139 Conn. 89, 93, 90 A.2d 905; *DePaola* v. *Seamour,* 163 Conn. 246, 303 A.2d 737.

There is no error.

In this opinion HOUSE, C. J., LOISELLE and LONGO, Js., concurred.

BOGDANSKI, J. (dissenting). The language of the court's final charge could reasonably have led the jury to believe that that charge was intended to pre-empt and negate all previous jury instructions and make the outcome of the case completely dependent upon their resolution of one issue only: Who crossed the white line?

The complaint alleged that the defendant operator was negligent (1) in being inattentive; (2) in failing to apply his brakes; (3) in failing to maintain control; (4) in failing to sound his horn; (5) in violating the speed statute; (6) in violating the statute concerning the passing and overtaking of another vehicle; and (7) in violating the federal

interstate commerce commission safety regulation concerning maximum driving and on-duty times for the continuous operation of a truck.

After four hours of deliberation, the jury submitted a question to the court requesting clarification of a state statute. The court responded in part as follows: ". . . I ought to add at this point the issue is a simple one in this case really. It is a question of who crossed that white line and hit the other. It is as simple as all that. If you make up your mind that the truck went into the right lane and struck her, then that is it. If you make up your mind that she went in the left lane and struck the truck, then that is it. Now, it is not a difficult problem. I am sorry to be saying it this way, but that is the real nub of the case. They are both driving along, both are driving legally on a highway, as I recall the evidence . . . ." Fifteen minutes after that supplemental instruction, the jury returned their verdict.

The plaintiffs claim that the court erred in that final charge (1) by failing to instruct the jury that its comments did not supersede the original instructions; (2) in improperly narrowing the issues to "Who crossed that white line?" thereby invading the province of the jury and negating the plaintiffs' other claims of negligence; and (3) in intimating to the jury that the legality of the operation of the truck was not a disputed fact for their determination. *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 722, 146 A.2d 910.

"The right of the trial court to comment upon the evidence, and to give his view of its weight, is well established in this state, but such comment must be reasonable and fair." *Laffin* v. *Apalucci,* 128 Conn. 654, 657, 25 A.2d 60; *Schiesel* v. *S. Z. Poli*

*Realty Co.,* 108 Conn. 115, 124, 142 A. 812. The court should discuss the facts in evidence in a manner which would enable the jury to understand the real issues in the case. Here, the real issues were (1) whether anyone was negligent, and, if so, (2) whether that negligence was the proximate cause of the collision and the resulting injuries. To make those issues depend solely on who crossed the white line went too far. *Laffin* v. *Apalucci,* supra, 657, 658.

It is not negligence per se merely to cross a white line, as the court instructed; the jury could have found, as claimed, that the vehicle of the named plaintiff crossed the white line because it was pushed there when struck in the rear by the defendant operator's truck. Even if the jury had found that the named plaintiff's vehicle did cross the white line, the jury could nevertheless have found that her act of crossing the white line was not the proximate cause of the collision. Those real issues were removed from the jury's consideration by the court's final comments. All inferences and conclusions of negligence and proximate cause were to be drawn by the jury and not by the court. *Nesbit* v. *Crosby,* 74 Conn. 554, 563, 51 A. 550.

In essence, the court's charge not only had the effect of directing the jury to infer negligence from the act of crossing the white line, but also suggested that the crossing of the white line must have been the sole proximate cause of the collision. Considering the effect that a final instruction has upon a jury, such an instruction, erroneous as here, constituted reversible error. *Laffin* v. *Apalucci,* supra, 658.

I would, therefore, find error and remand the case for a new trial.