EDWARD R. DeLOUISE *v.* BEVERLY M. CLARKE ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued January 17—decision released March 18, 1980

*John T. Grillo* and *Albert R. Annunziata,* for the appellant (plaintiff).

*James O'Connor Shea,* with whom was *Gerald H. Cooper,* for the appellees (defendants).

PER CURIAM. The plaintiff brought this action to recover damages sustained in a collision between a motor vehicle operated by himself and one operated by the named defendant. The plaintiff has appealed from a judgment rendered on a jury ver-

dict for the defendants, the driver and owner of the car. The plaintiff assigns error in the jury instructions and in the court's acceptance of the verdict form returned by the jury.

The plaintiff claimed that the motor vehicle operated by the defendant driver struck the rear of the motor vehicle he was operating which was then stopped at an intersection in response to a stop sign. The defendants alleged in their special defense that the plaintiff improperly "backed up" his vehicle into the defendants' vehicle in violation of General Statutes § 14-243 (b).

On cross-examination, the defendant driver was asked if she had discussed the accident with anyone. She replied that she had discussed the accident with her fiance and then had called her father, the defendant owner of the car, at his home. She was then asked, "Is it then when you discussed it with your [fiance and father] . . . that it was at that time, for the first time, the story was raised about Mr. DeLouise backing up into your car?" She replied, "That was the first time I told anybody of the accident, and that's how I told them the accident happened." On further questioning she was asked, "[I]sn't it so that that version of Mr. DeLouise backing up into your car came up for the first time after you discussed it with . . . [your fiance] and your father?" She said, "No. I told them how the accident happened." On the basis of this evidence, the plaintiff claims the court erred by refusing to instruct the jury that an unfavorable inference could be drawn from the failure of the defendant to call her fiance and her father to testify.

Whether an adverse inference may be drawn where a witness is not produced is a question which

has been extensively discussed in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960). Here, the plaintiff introduced no evidence to establish that the defendant concocted a story of the plaintiff's backing up of his vehicle and no such evidence was elicited from the defendant. Nor can the concoction of a story by the defendant be inferred from her denial. *Novak* v. *Anderson,* 178 Conn. 506, 508, 423 A.2d 127 (1979); *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153, 32 A.2d 639 (1943).

The other error assigned by the plaintiff concerns the court's response to the verdict form returned by the jury upon conclusion of their deliberations. Upon examination of the form completed by the jury, the court instructed them to reflect further on their decision as "it seems to include a caveat or exception" and further instructed the jury that their verdict must be unanimous. The jury were excused for further deliberations and the court told counsel that the jury had used a defendants' verdict form with the words "guilty of" written in and crossed out, followed by the words "with regard to all items in the substituted complaint with the exception of paragraph 5b." Paragraph 5 of the complaint states: "Said collision was caused by the negligence of the defendant Beverley M. Clarke in one or more of the following ways: . . . (b) In that she failed to stop her vehicle in time to avoid striking the rear of the vehicle of the plaintiff . . . ."

The only exception taken by the plaintiff when the initial verdict was returned was that the court should have instructed the jury that the plaintiff was required to prove only one of the allegations of negligence to prove negligence on the part of the defendant. Fifty minutes later the jury rendered

their verdict on the same form except that the written portion "with the exception of paragraph 5b" was crossed out. The plaintiff then excepted to the acceptance of the verdict because the "form itself is improper."

Although the plaintiff in his brief argues that the court erred in using the word "caveat," no exception was taken to the court's remark and it is not considered. Practice Book, 1978, § 315; *State* v. *Parham,* 174 Conn. 500, 509, 391 A.2d 148 (1978).

The plaintiff concedes that the court properly charged the jury on the burden of proof and on the need to prove only one of the allegations of negligence. The court instructed the jury not only once but three times on this issue. Considering the charge in conjunction with the supplemental charge, the court's refusal to instruct the jury on this issue again was not an abuse of discretion or error on its part. It was not clear what the jury meant by the extraneous writings and to whom they were directed. In this instance there was no further request for instructions on the part of the jury; rather, the jury were apparently confused as to their duty in returning a verdict. The supplemental charge was adequate under these circumstances. *DeMichele* v. *Vermilye,* 170 Conn. 184, 186, 365 A.2d 1062 (1976). "The basic charge and the supplemental instructions are to be read and considered as a whole." *Hanken* v. *Buckley Bros., Inc.,* 159 Conn. 438, 442, 270 A.2d 556 (1970); *State* v. *Johnson,* 139 Conn. 89, 93, 90 A.2d 905 (1952). The court was compelled to return the jury for further deliberations so that the verdict rendered would be clear and unambiguous. *State* v. *Searles,* 113 Conn. 247, 255, 155 A. 213 (1931).

The verdict form accepted by the court was an intelligible finding and its meaning was clear. The short answer to the plaintiff's claim that the court erred in accepting the verdict form as returned by the jury the second time is found in this court's response to a similar claim in *Ferris* v. *Hotel Pick Arms, Inc.*, 147 Conn. 72, 75, 157 A.2d 106 (1959): "We have sustained verdicts where they were incorrect as to form or contained irrelevant material but clearly manifested the intent of the jury. *Kilduff* v. *Kalinowski*, 136 Conn. 405, 409, 71 A.2d 593; *Oneker* v. *Liggett Drug Co.*, 124 Conn. 83, 87, 197 A. 887; *Watertown Ecclesiastical Society's Appeal* [46 Conn. 230]." Examples include *Ferris* v. *Hotel Pick Arms, Inc.*, supra; and *Roberti* v. *Atwater*, 42 Conn. 266, 270.

There is no error.