## ALPHONSE GRABOWSKI *v.* FRUEHAUF TRAILER CORPORATION ET AL. (2309)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued February 9—decision released June 19, 1984

*Richard F. Connors,* for the appellant (plaintiff).

*John F. Scully,* with whom, on the brief, was *Louis B. Blumenfeld,* for the appellees (defendants).

HULL, J. The plaintiff, who recovered a jury verdict in a negligence action in which the defendants admitted liability, has assigned as error on appeal[1] a portion of the charge to the jury concerning the inference to be drawn by the jury from the failure of the plaintiff to produce an expert witness and from the failure to produce employment records.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

On June 28, 1973, the plaintiff, Alphonse Grabowski, was operating his motor vehicle on a public highway in the town of Meriden when his vehicle was struck from behind by a tractor-trailer truck operated by the defendant, Frank E. Donnelly, and owned by the defendant, Fruehauf Trailer Corporation.

At trial, the plaintiff claimed to have received injuries to his neck and shoulder and to have received a concussion which resulted in blurred vision and an impairment of his hearing. The plaintiff, in addition to his own testimony, produced, as witnesses on his own behalf, Leo V. Willet, an orthopedist who treated the plaintiff at the request of the plaintiff's family physician, Charles Butenas, and physician Stanley Friedman, an ear, nose and throat specialist who also treated the plaintiff subsequent to the accident at the request of Butenas. Also admitted into evidence was the hospital record, which detailed the plaintiff's hospitalization and contained the plaintiff's medical history and diagnoses, and which was signed by Butenas.

The medical damages which amounted to $1267.40 included a hospital bill for $622.90 and a bill for $362.50 for physiotherapy. The plaintiff testified that he was disabled for six weeks and thereby suffered a monetary loss of $600 due to lost earnings. No other form of evidence was presented on the issue of lost earnings.

In the charge to the jury, the court instructed the jury that it could draw an adverse inference from the plaintiff's failure to call Butenas on his own behalf and from his failure to produce employment records to corroborate his testimony concerning lost earnings. The plaintiff's counsel immediately objected to that portion of the charge.[2]

---

[2] The Court charged the jury as follows: "You will recall that during the final arguments here, reference was made to the absence of Doctor Butenas. As indicated in the course of the argument of the case, attention was called to the failure to call a certain witness who might by his testimony have

The jury returned a verdict awarding the plaintiff $5000. The plaintiff filed a motion to set aside the verdict claiming, inter alia, that the court erred in charging the jury on the adverse inference rule. This motion was denied and the plaintiff brought this appeal.

On appeal, the plaintiff claims that the trial court erred in charging the jury concerning the adverse infer-

shed some light on the situation before you. Where a party fails to call a witness, you may infer that the witness' testimony would have been unfavorable to the party's cause, if you find firstly that the witness was available, and that the witness was one that the party would naturally produce. Whether the witness was available is a question of fact for you to determine as a condition precedent to drawing any adverse inference from the absence of the witness. Availability may be shown or determined not only from the mere physical presence or accessibility for service, but also from the relationship, usefulness, or nature of the expected testimony, and this means only that the witness is in such a relationship with the party that it is likely that his presence could be procured. A witness who would naturally be produced by a party is one who is known to that party or who by reason of his relationship to that party or to the issues or both could be reasonably expected to have peculiar or special information material to the case, which, if favorable, the party would produce.

"As to the question of availability, it is for you to determine from the evidence presented whether the doctor's, Doctor Butenas' in this particular instance, testimony would be material or substantial to the case, as a condition precedent to drawing an adverse inference. The failure of a party to call as a witness a person who's available to both parties and who does not stand in the type of relationship to one of the parties as I described above, then there would be no basis for an unfavorable inference."

Counsel for the plaintiff excepted to that portion of the charge as follows: "I would take exception to your Honor's charge first with regard to your charge on the inference the jury may draw from the absence of Doctor Butenas. I think that, on two grounds. One, I do not believe there was sufficient evidence of his availability presented to the jury and secondly, because his written report, signed written report is in evidence, by virtue of being part of the hospital record. I believe that the defendant is not entitled to have that charge given. It is evidence. The report is complete as to all aspects of what he could be expected to testify to. The only reason that I can see of bringing him in for would be to be, cross-examination for the defendant and that is something he could do. I think it is inconsistent with giving, that charge is inconsistent with 52-174 (b), which states that a physician's report is admissible as a business entry and that its admission does not preclude the, any party from calling the doctor as a witness. Granted the report was not introduced under that section, but it doesn't say it has to be. The report is in evidence and, it is in evidence."

ence rule, popularly known as the *Secondino* rule,[3] which permitted the jury to draw an adverse inference (1) from the failure of Butenas to testify on behalf of the plaintiff; and (2) from the plaintiff's failure to produce employment records.

" 'If a party fails to call a witness, then the *Secondino* rule permits the jury to draw an inference that the witness's testimony would have been unfavorable to the party's cause if the jury first finds that: (1) the witness was available; and (2) the witness was one the party would naturally produce. *Bell* v. *Bihary,* 168 Conn. 269, 271, 362 A.2d 963 [1975]; *Raia* v. *Topehius,* 165 Conn. 231, 237, 332 A.2d 93 [1973]; *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 [1960]. To charge the jury on the rule, the party claiming the benefit of the rule must show that he is entitled to it. *State* v. *Brown,* 169 Conn. 692, 704, 364 A.2d 186 [1975]; *Raia* v. *Topehius,* supra; *Queen* v. *Gagliola,* 162 Conn. 164, 169, 292 A.2d 890 [1972].' *Doran* v. *Wolk,* 170 Conn. 226, 229, 365 A.2d 1190 [1976]." *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 340–41, 422 A.2d 260 (1979).

A mere showing of the availability of a witness is not enough without also establishing that the witness is one who would naturally be produced. "A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." *Secondino* v. *New Haven Gas Co.,* supra, 675.

---

[3] See *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960).

The plaintiff excepted to the trial court's charge concerning the plaintiff's failure to call Butenas as a witness on the grounds (1) that there was insufficient evidence before the jury concerning the availability of Butenas; and (2) that he was not a witness who would naturally be produced because his medical report was part of the hospital record, which had been admitted into evidence, and, therefore, his testimony would have been redundant.

On appeal, the plaintiff addresses only the second of those grounds. Nevertheless, there was sufficient evidence for the jury to conclude that Butenas was available as a witness. "Availability may be shown or determined not only from mere physical presence or accessibility for service, but also from the relationship, usefulness or nature of the expected testimony and this means only that the witness is in such relationship with the party that it is likely that his presence could be procured." *Nichols* v. *Coppola Motors, Inc.*, supra, 342. In this case, Butenas was the plaintiff's family physician and there was a continuous doctor-patient relationship which began prior to the accident and continued thereafter. Furthermore, it was Butenas who referred the plaintiff to Willet, the orthopedist, and Friedman, the ear, nose and throat specialist. Both physicians testified that Butenas was practicing medicine in Meriden at the time of trial. There was, therefore, sufficient evidence of the availability of Butenas as a witness.

Butenas was a physician who, according to the proof, had treated the plaintiff and was familiar with the incident and the injuries suffered by the plaintiff. If his testimony was likely to be favorable, the plaintiff presumably would make every reasonable effort to produce him. See *Secondino* v. *New Haven Gas Co.*, supra, 676. Butenas' position as an expert in the medical profession and his familiarity with the plaintiff and his injuries would have contributed to the plaintiff's case

had he testified favorably concerning the plaintiff's claims. It is not enough, of course, to say that Butenas was available to both parties. He was, however, a witness whom the plaintiff naturally would produce.

In regard to the argument that it would be redundant to call Butenas as a witness since his medical report was part of the hospital records admitted into evidence, the fact that the physician's report was a part of these records was not emphasized by the plaintiff at the time of their admission. Further, there was no indication that the purpose for admitting the records was to highlight the physician's report, and the hospital record identified as the "Discharge Summary of Meriden-Wallingford Hospital" did not, in any event, include information on the plaintiff's entire course of treatment by Butenas.

It is clear that the court could properly conclude that Butenas was a witness who would naturally be produced by the plaintiff if his testimony were favorable to the plaintiff. It was therefore proper to charge the jury on adverse inferences. If indeed the testimony would only have been repetitious, this is a factor which the jury could have considered when weighing the facts in their determination as to whether or not to draw an adverse inference from the failure to produce Butenas. This jury charge merely gives rise to a permissive inference and not to a mandatory presumption. If the party claiming the benefits of the adverse inference rule has established that he or she is entitled to it, the jury must be instructed on it. *Nichols* v. *Coppola Motors, Inc.,* supra, 341. Once charged on the rule, it is for the jury to decide whether or not actually to draw such an adverse inference after weighing the factual considerations from which the inference can be drawn. The court did not err in giving the *Secondino* charge with regard to the failure to produce Butenas.

The plaintiff also claims that the trial court erred in giving the *Secondino* charge with regard to the plaintiff's failure to produce employment records. The plaintiff's counsel excepted to this portion of the charge immediately after it was given.[4]

The *Secondino* rule applies with equal vigor to a failure to produce a material document into evidence. The failure to produce a material document may permit the jury to draw an unfavorable inference if the required conditions set forth under the *Secondino* rule are met. *Maciejewska* v. *Lombard Bros., Inc.,* 171 Conn. 35, 43, 368 A.2d 206 (1976); *Wilson* v. *Griswold,* 79 Conn. 18, 22, 63 A.2d 659 (1906).

In this case, the plaintiff testified that he lost $600 in total earnings due to the disabling injuries suffered in the accident. The plaintiff offered no corroborative evidence as to lost earnings. The employment records which would have corroborated plaintiff's claim of lost earnings over a six week period were available due to

---

[4] The Court charged the jury as follows: "Also, there is a claim here for lost time of some six weeks at one hundred dollars per week. The defense in the case filed a request that I charge the jury that it, meaning you, have heard testimony concerning Mr. Grabowski's employment, yet these records were not offered into evidence or any records were offered into evidence and all I would say to you on that is the same basic tests apply with respect to the fact that employment records were not produced. The same tests you apply to that concept, if you are so inclined to do so, would be the same as I previously outlined to you with respect to the failure of Doctor Butenas to appear here and give testimony."

Counsel for the plaintiff excepted to that portion of the charge as follows: "Secondly, I would except to your Honor's charge that the jury may draw an adverse inference from the absence of documents concerning Mr. Grabowski's lost wages. The requested charge is based upon the fact that there was testimony as to employment records, and my recollection, which I think is extremely good, is that there was no testimony as to any employment record. I simply asked Mr. Grabowski whether he worked; how much he earned; and how much time he lost. There was, neither was there any testimony as to the availability of any employment records, and I think therefore, that whether or not they are employment records has to do with the weight to be given to the evidence and given to Mr. Grabowski's testimony."

the fact that these records could have been produced by serving a subpoena on the corporation, Carrabetta Enterprises, which employed the plaintiff. It is also reasonable to expect that a party would produce factual evidence which supports a claim which, without such favorable evidence, is based solely upon the claimant's own testimony. It is, after all, the plaintiff who had the burden of proof at all times. See *Secondino* v. *New Haven Gas Co.,* supra.

The two pronged *Secondino* test was met concerning the employment records. The court, therefore, did not err in giving an adverse inference charge in this regard.

The charge to the jury as a whole adequately presented the case in such a manner that it is not likely that injustice was done to either party. See *Maciejewska* v. *Lombard Bros., Inc.,* supra.

There is no error.

In this opinion the other judges concurred.