[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a condominium association established pursuant to the laws of this state, and the defendant, having purchased one of its units sometime in or before July of 1992, is the owner of that unit. Over the course of time, the defendant fell behind in the payment of certain charges. Some of this delinquency is alleged by the defendant to have been the result of a hospitalization in 1992. Others accumulated as time went on. The defendant made some effort to straighten out his account and to resolve certain discrepancies, but his efforts, and those of the attorneys representing the association, served only to compound the confusion. Thus, although the facts of this case ought not to be in serious dispute, they are so, primarily because of poor record keeping and worse communication on both sides.
It is worthy of mention that the defendant is himself an attorney, and he appeared pro se in this matter up until the eve of trial, at which time he retained counsel. The plaintiff entrusted the collection of the sums allegedly owed to it to its attorneys, Bender and Anderson, in early 1994. Neither the defendant nor plaintiff's counsel have, during the course of this matter, done much to enhance the status of the profession. CT Page 8791
The court received as exhibits numerous letters between the parties. The defendant's letters are notable for their threats of litigation and the institution of grievance proceedings against the plaintiff's attorneys. Plaintiff's counsel's letters, and particularly the enclosures containing recapitulations of the amounts allegedly due, are notable for their miscalculations. Indeed, the plaintiff's president, William DeRoy, testified, without documentation, to an amount allegedly due that was different from any of the calculations produced by the association's attorneys or testified to by one of those attorneys, Ronald Bender.
During the course of the attempts to resolve the dispute prior to litigation, the parties agreed that the plaintiff's attorneys would hold disputed sums in escrow as the parties endeavored to sort out their differences. In fact, the defendant deposited into the plaintiff's attorney's escrow account monies that totalled $37.41 more than the amount being claimed. When the defendant asked plaintiff's counsel to refund the overage, Bender responded by sending back the entire amount in escrow and then commencing this litigation.
The defendant has invited the court to draw an adverse inference from the plaintiff's failure to produce the association's own records to document the amount of the debt.Secondino v. New Haven Gas Co., 147 Conn. 672, 675, 165 A.2d 598
(1960); Grabowski v. Fruchauf Trucking Co., 2 Conn. App. 167
(1984). DeRoy testified that such records existed but that he did not bring them with him to court. The court finds that the records were available, that it would have been natural for the plaintiff to produce such records and that, in the absence of clarity on the part of the plaintiff as to the exact amounts due, such records would have provided material and substantial evidence for the court. On this basis the court does draw such an inference, although only to the extent of concluding that the amounts actually owed are the lowest of the sums variously claimed over the course of these proceedings. The adverse inference does not negate the fact that the defendant is indebted to the plaintiff in some amount, and using the calculation of indebtedness most favorable to the defendant, the court finds that the defendant owes the plaintiff the sum of $1,353.46, representing the $1,390.87 that had been held in escrow by Bender and Anderson, minus the $37.41 that concededly represented an overpayment by the defendant. CT Page 8792
The plaintiff here seeks to enforce its statutory lien pursuant to General General Statutes § 47-258 which entitles the prevailing party to reasonable attorney's fees. See Stone PitHill Condominium Owners Assoc. v. Cocca, 194 Ct. CaseBase 6261, 6262 (1994). The plaintiff has submitted an affidavit of legal fees incurred in connection with this matter in the amount of $2400. The difficulty in this case is determining what is reasonable in light of the fact that both the defendant himself and plaintiff's counsel succeeded in complicating, rather than simplifying, the task of resolving this case prior to litigation. The court has considered the extent to which the defendant was responsible for protracting the proceedings and causing the plaintiff to incur substantial legal expense. It has balanced these considerations against plaintiff's counsel's mishandling of the account by failing to produce a precise, accurate and well-documented statement of the amounts actually due as well as by precipitating the litigation itself by returning to the defendant not just the requested overpayment but rather the entire contents of the escrow account. Rather than simplifying the dispute between the parties, the plaintiff's attorney succeeded in exacerbating it and making it far more complex than it needed to be. In light of all these considerations, the court believes that a fair and reasonable attorney's fee is $800.
The defendant has asserted a special defense of accord and satisfaction, based on his claim that the money paid into the plaintiff's attorney's escrow account satisfied his obligations to the plaintiff. It is clear, however, that the defendant never paid those monies to the plaintiff and that his intention was only that the plaintiff's attorney hold them in escrow pending a resolution of the dispute. At trial, he also claimed that that portion of the alleged debt which predates a point in time two years prior to the filing of the complaint in this case is barred by the statute of limitations. Such statute of limitations defense must be specially pleaded. Practice Book § 164. It was not, and the defendant cannot prevail on this contention, which, in any event, he appears to have abandoned in his brief.
The defendant also has counterclaimed, seeking damages under the Connecticut Unfair Trade Practices Act. He introduced no testimony on this point but rather sought to have the court find the existence of such practices based on the testimony of the plaintiff's witnesses and the documents which were introduced into evidence. The defendant has not made out a case under CUTPA, and the plaintiff is entitled to judgment on the counterclaim. CT Page 8793
This was a case in which the plaintiff wanted to receive that which was owed to it, and the defendant was initially willing to pay that amount, once it could be determined with precision. Instead of proceeding in a mature fashion to arrive at a number which addressed both parties' concerns, the case turned into a triumph of aggravation over accommodation. Both sides share the blame, and both sides should share the cost.
A judgment, interlocutory in nature, will enter in favor of the plaintiff on its complaint in the amount of $1,353.46, plus costs. The plaintiff may also be awarded attorney's fees in the amount of $800, subject to its first complying with § 47-258j, which provides that the lien may be foreclosed "in like manner as a mortgage on real property." The plaintiff is therefore granted leave to supplement the record with evidence of the value of the property entitling it to the remedy of foreclosure.
Judgment will enter in favor of the plaintiff on the defendant's counterclaim.
Jonathan E. Silbert, Judge